[No. 7101.]

## HARDESTY V. THE PEOPLE.

CRIMINAL LAW—*Trial*—*Duty of Prosecutor to Present His Evidence in Chief.*

1. The prosecution in a criminal case ought to introduce in chief, the evidence upon which it intends to rely to establish affirmatively the defendant's guilt—(452).

2. It is improper, in the trial of a criminal case, to call witnesses in rebuttal to prove what belongs to the people's case in chief, without any reason therefor—(452).

3. The people's evidence on rebuttal is generally confined to testimony having a tendency to contradict or disprove the evidence of the defense; but the court in its discretion may admit new evidence in chief at any stage of the trial, and it is often necessary to do so in the furtherance of justice. It would be an abuse of discretion, however, to allow the introduction of evidence under the guise of rebuttal which belonged to the people's case in chief, intentionally held back until after the defense had rested—(452).

4. The introduction of evidence in chief, on rebuttal, does not change the character of the testimony*—(452).

*Error to Otero District Court.*—HON. J. E. RIZER, Judge.

Mr. G. M. DAMERON, Mr. JULIUS C. GUNTER, Mr. JOHN M. MAXWELL, for plaintiff in error.

HON. JOHN T. BARNETT, Attorney General, Mr. ELMER L. BROCK, Assistant Attorney General, HON. BENJAMIN GRIFFITH, Attorney General, Mr. CHARLES O'CONNOR, Assistant Attorney General, for the people.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

(*Syllabus by *Garrigues J.*

1. Defendant Hardesty was convicted of feloniously killing a V-bar steer, the property of John Vroman. The animal was butchered Friday, December 4, 1908, in the defendant's corral, and its hide hung on the fence, where the following Sunday it was examined by Vroman, stock inspector Lee, and the defendant.

2. Three days before the animal was butchered, defendant hired two men, named Harris and Bacon, to work for him. Bacon knew of the killing, and Harris was an eye witness to the whole transaction. Before the trial these two men were secretly procured and kept with the jailer, as witnesses for the prosecution, without their names being endorsed on the information, and the defendant did not know of their presence.

3. On the trial the people introduced testimony showing the defendant's possession of the hide, his statements concerning the time of the butchering, and his explanation of the absence of the ears from the hide, and rested its case in chief, without placing Harris or Bacon on the stand. Defendant testified that the steer was butchered in his corral Friday afternoon while he was away from home, by his hired man Harris, who through mistake, killed the wrong animal, and as soon as the error was discovered, he offered to reimburse the owner. On cross examination, direct leading questions were asked him, purporting to cover the manner of the commission of the offense in detail, according to the people's theory of the transaction, based evidently on information obtained from Harris and Bacon, which were answered in the negative. After the defense rested, Harris and Bacon were called on rebuttal, and over the objection of the defendant, were permitted to give in detail the manner of the commission of the alleged crime, and all the circumstances surrounding it, the testimony of Harris exactly

conforming with the questions asked of and denied by the defendant on cross examination. The defendant having been found guilty, a motion for a new trial was made on the ground, *inter alia,* that the court erred in admitting on rebuttal the evidence of Harris and Bacon, and this is the only question we will consider.

4. Harris and Bacon were important witnesses for the prosecution. Harris, from his testimony, knew all about the transaction, having participated in it. The people subpoenaed these witnesses, secured their attendance at the trial and knew what their testimony would be; but instead of calling them to prove the people's case in chief, reserved their testimony for rebuttal. Why this course was pursued we do not know, unless it was to surprise the defendant at the close of the case with evidence he would be unprepared to meet. This testimony was not rebuttal. It belonged to the people's case in chief. Calling the witnesses in rebuttal did not change its character. They were called on rebuttal to prove what belonged to the people's case in chief, without any reason therefor. The prosecution in a criminal case ought to introduce all the people's evidence upon which it intends to rely to establish affirmatively the defendant's guilt, and not divide its testimony in chief, as was done in this case, by introducing part on rebuttal. The people's evidence on rebuttal is generally confined to testimony having a tendency to contradict or disprove the evidence of the defense. The introduction of evidence out of its order rests in the discretion of the trial court. It may admit new testimony on rebuttal which is part of the people's case in chief, and it is often necessary to exercise this discretion in the furtherance of justice. While the court may, in its discretion, upon a proper showing, permit the prosecution to reopen the case for the introduction of

new evidence in chief at any stage of the trial, still it would be improper to allow the introduction of evidence under the guise of rebuttal which belonged to its case in chief, intentionally held back until after the defense had rested. The prosecution knew it was to use this evidence; but failed to endorse the names of the witnesses on the information. It subpoenaed the witnesses and held them in readiness; but intentionally held them back to testify on rebuttal. Under such circumstances, it was an abuse of discretion to allow the prosecution to divide up its testimony in this manner, and to prove on rebuttal part of the facts which properly belonged to its case in chief. The names of these witnesses should have been endorsed on the information, and their testimony should have been given in chief. For the above reasons, under the circumstances of this case, the court abused its discretion in admitting their testimony on rebuttal, and the defendant did not have a fair trial. The case will be reversed and remanded.                          *Reversed.*

Mr. JUSTICE BAILEY concurs.

Mr. JUSTICE GABBERT specially concurring.

---

GABBERT, J., specially concurring:

Waiving the question of whether the testimony of the witnesses, Bacon and Harris, introduced by the prosecution after the defendant closed his case was or was not rebuttal, in the ordinary acceptation of that term, it was error to admit it, in the circumstances of this case. It was clearly competent as testimony in chief. The prosecution knew of it before the trial commenced, and the names of the witnesses giving it should have been en-

dorsed upon the information, because of the provisions of the Criminal Code, section 1432b, Mills' Stats., (Supp.). This section requires the district attorney to endorse upon the information the names of all witnesses known to him at the time it is filed, and the names of such other witnesses as may become known to him, before the trial. The section further provides that these requirements do not preclude the calling of witnesses whose names or the materiality of whose testimony are first learned by the district attorney at the trial. The facts, however, are such that the exception does not apply to the testimony of the witnesses, Bacon and Harris. Under these facts the plain mandate of the section referred to required the prosecution to endorse the names of these witnesses upon the information before the trial commenced to make their testimony available for the people. The purpose of this requirement is to advise a defendant, before going to trial, of the names of those who will be called by the people to prove their case, and he can not be deprived of this right unless a witness called at the trial by the prosecution whose name is not on the information falls within the exception.

It is not necessary to go into the reasons for this provision. It is a right expressly conferred by statute for the benefit of one on trial for a crime, and can not be taken away without his consent.