No. 21,989.

THE STATE OF KANSAS, *Appellee,* v. T. J. GIBBS, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL TRIAL—*Evidence in Chief Admitted on Rebuttal—Not Reversible Error.* Ordinarily it is irregular and improper to permit the state, in a criminal prosecution, to introduce, as rebuttal, such evidence as properly pertains to the state's evidence in chief, but reversible error cannot be predicated thereon unless timely objection is made to the introduction of such evidence.

2. SAME. In a criminal prosecution, where the state fails to establish a *prima facie* case against the defendant by its evidence in chief, the defendant is entitled to a directed verdict in his behalf; but where that is denied, and the defendant offers evidence in his own behalf, the trial court, for good reason and in furtherance of justice, may permit the state to offer further evidence which properly pertained to the case in chief. (Crim. Code, § 227.)

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed June 7, 1919. Affirmed.

*W. L. Cunningham,* and *H. S. Hines,* both of Arkansas City, for the appellant.

*Richard J. Hopkins,* attorney-general, *J. K. Rankin,* assistant attorney-general, and *Ellis Fink,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant, T. J. (Jack) Gibbs, was convicted of stealing domestic fowls in the night-time. (Crimes Act, §§ 78, 79, Gen. Stat. 1915, §§ 3448, 3449.) His main grievance here relates to the overruling of his demurrer and motion for a directed verdict—

"For the reason that the facts proved fail to state any facts as against this defendant that would authorize a judgment for conviction. They don't connect this defendant anywhere with the chicken stealing at all."

This demurrer and motion was filed at the conclusion of the introduction of the state's evidence in chief. It may be conceded that up to that point the state had not completely made out a *prima facie* case against this defendant, and if he had stood on that ruling, and had introduced no evidence in his own defense, the jury would have been bound to acquit him for want of proof (Crim. Code, § 228, Gen. Stat. 1915, § 8149) ; otherwise this court would order his discharge. But the defendant did not stand on that ruling; evidence was introduced for the defense; and on rebuttal, a codefendant took the witness stand and candidly told of the various thefts of poultry by the defendant and the witness and another person. This evidence made a hopeless predicament for defendant, and his conviction followed as a matter of course.

Defendant cites pertinent precedents to show that the introduction of this evidence on rebuttal was improper, and it certainly was improper. In many jurisdictions it would be fatal to the state's case. (*State v. Christman,* 32 N. D. 105, 110, 111; *Hardesty v. People,* 52 Colo. 450.) Even in this state, such an irregularity would be reversible error, if defendant had been denied an opportunity to meet such a situation with further evidence to controvert it. (*The State, ex rel., v. Stout,* 101 Kan. 600, 168 Pac. 853.) But counsel for the state assert that the question of the propriety of such evidence on rebuttal was

not questioned in the trial court. That assertion does not appear to be disputed; and upon inquiry we find that no transcript has been provided, so we must accept the state's contention as true. It seems therefore that the matter must be viewed as if the trial court had permitted the state to reopen its case in chief (Crim. Code, § 227, Gen. Stat. 1915, § 8148), and this, too, without defendant's objection (Crim. Code, § 219, Gen. Stat. 1915, § 8140) ; Kelley's Criminal Law and Practice, 3d ed., § 435) ; and since no doubt can be entertained of the defendant's guilt, the rule of the criminal code forbidding reversal on technical grounds, where substantial justice has been done, must control. (Crim. Code, § 293, Gen. Stat. 1915, § 8215.)

The judgment is affirmed.