No. 23,823.

THE STATE OF KANSAS, *Appellee*, v. FRANK WOODEN, *Appellant*.

SYLLABUS BY THE COURT.

1. FORGERY—*Information—Opening Up Case—Intent to Defraud—Impeaching Verdict.* The amended information held sufficient.
2. SAME. No error arose by reason of opening up the case to let the maker of the check alleged to have been feloniously changed prove that he did not authorize the change.
3. SAME. Proof of an intent to defraud one of the persons named in the information was sufficient.
4. SAME. An instruction complained of examined, and held proper.
5. SAME. No error was committed in refusing to permit jurors to testify what they thought of the check while examining it in the jury box.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed January 7, 1922. Affirmed.

*J. E. Brooks,* of Sedan, for the appellant.
*Richard J. Hopkins,* attorney-general, *Ralph H. Rader,* county attorney, *Tinkham Veale,* and *Ralph H. Gaw,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant was charged with having forged a check by raising it from $200 to $400, and in the second count with having uttered it. He was convicted on the second count and acquitted on the first. He appeals and makes fourteen assignments of error. We will notice only such as counsel himself has presented in his brief.

The sufficiency of the amended information is attacked and some point is sought to be made because it charged the act with having been done for the purpose of defrauding the maker of the check, the bank and others, and in the second count, the maker of the check and the cashier of the bank, and that all these parties were not mentioned in the warrant or complaint, and hence the motion to quash should have been sustained. No authorities are cited in support of this contention, and we think it unnecessary to cite any of the many upholding the correctness of the ruling in this respect by the court.

After the state rested its case and after giving the instructions, the court permitted the case to be reopened for the maker of the check to prove that he did not authorize the change in the check. This is complained of as highly prejudicial, but we regard it as clearly within the discretion of the court.

It is further contended that when so reopened the cause should

fail because it was not then proven that not only the maker of the check but the cashier of the bank failed to give consent to the forgery. We are unable to see how the defendant could escape if he had made the check with the intent to defraud the maker only. It is said that in one instance the court told the jury that the forgery might have been done with the intent to defraud the maker and the bank, and in another that it might have been done with the intent to defraud the maker and the cashier.

"While this may be called technical, yet we think it very serious, as in our judgment the charge contained in the second count, depended to a very great extent, indeed entirely, upon the charge in the first count, and such instructions served to give the jury the idea that it made no difference, who was to be defrauded, just so someone was."

We agree with counsel that this is quite technical, and frankly hold that it is entirely too technical to amount to prejudicial error. (See, *The State v. Pollman,* 109 Kan. 791, 201 Pac. 1101.) Something is said about an instruction being sent to the jury room without the knowledge or consent of the defendant. But not only does the record fail to show any such thing, but no mention thereof was made in the assignments of error in the thirteen complaints set up in the notice of appeal, or any of the ten grounds of the motion for a new trial. Hence, this criticism must be deemed unjustified by the record.

Upon the hearing of the motion for a new trial the defendant offered to prove by different jurors what they thought about the check which they had examined with a glass and while still in the jury box, but the court very properly sustained an objection to this testimony on the well-settled ground that a juror cannot be heard to impeach his verdict.

The judgment is affirmed.