No. 30,060.

The State of Kansas, *Appellee*, v. T. F. Driscoll, *Appellant.*

(8 P. 2d 335.)

Opinion filed March 5, 1932.

*Paul H. Heinz* and *Allen Meyers*, both of Topeka, for the appellant.

*Roland Boynton*, attorney-general, *R. O. Mason*, assistant attorney-general, and *W. H. Higgins*, county attorney, for the appellee; *Harry A. Lanning*, of Seneca, of counsel.

The opinion of the court was delivered by

Johnston, C. J.: T. F. Driscoll was charged with and convicted of obtaining money by false and fraudulent representations, and appeals.

The information in effect charges that he obtained $122.50 from Della M. Campbell by false and fraudulent representations that he was the representative of the Western Automatic Oil Burner Company of Chicago, Ill., and had due authority from the company to

sell and take orders for automatic oil burner stoves, and that he represented that the Western Automatic Oil Burner Company would deliver to Della M. Campbell an oil-burning stove on or before January 20, 1930, and that the representations he made were and are untrue, in that he did not and does not represent and is not the agent of the Western Automatic Oil Burner Company, or any other stove company, and that she did not on or before January 20, or at any other time, receive an oil automatic burner or any other stove, and that these representations were made for the purpose and intent to cheat and defraud Della M. Campbell.

She testified on the trial that he came to her representing the Western Automatic Oil Burner Company, had printed literature with him showing the oil burner and a picture of the thermostat which went with it; she stated that she had read the pamphlet which he had with him, and was told by him that he would deliver the burner to her about the 20th of January, 1930. No burner was delivered, and in the following month she made complaint and procured his arrest. The county attorney, Harry A. Lanning, testified, among other things, that he made an investigation to ascertain whether there was a Western Automatic Burner Company in Chicago, consulted stove dealers, wrote to stove companies in the state of Illinois, inquired of them as to the existence of such a company, and did not find that any such company existed. He testified that he could not say that there was no such company, but only that after his investigation, none was found in Chicago or Quincy, Ill., and concluded that there was no such company in Chicago or elsewhere.

There was testimony of a like transaction with another, including the same representations, upon which money was obtained by defendant, and the same failure to deliver the property sold. A motion was made to strike out the testimony of the county attorney for the reason that it was based upon hearsay evidence. Defendant also moved for a directed verdict on the ground that there was no competent proof of his guilt. Both motions of the defendant were overruled. No evidence was offered by the defendant, and resting on that offered by the state and on his objections a conviction resulted.

The information charged in sufficient terms that he obtained the money by representations that he was the agent of the company named with authority to sell oil-burning stoves, and that the stove

he sold would be delivered on or before a specified date. It was alleged, too, that these representations were false and fraudulent in that the defendant was not the agent of the company named or of any other stove company, and that the representations were made with the intent to cheat and defraud Della M. Campbell. The state offered proof of the representations made; that he presented printed literature with illustrations of the existence of the company and its factory, and that no stove has ever been delivered. Then it offered testimony of an investigation that had been made from which the investigator found and concluded that no company or firm of the name mentioned was or had been in existence in Chicago or elsewhere. This proof we think made a *prima facie* case against the defendant. Knowing of the charge against him and of the proof made, he offered no evidence, but submitted his case to the jury on that which had been produced by the prosecution, making the contention that the evidence offered was insufficient to convict him.

If such a company of which he was the authorized agent existed, as he had represented to the purchaser, it was a fact peculiarly within defendant's knowledge and one which he could easily prove. He had the printed and illustrated literature which he had exhibited to purchasers showing the name, location and factory of the company. He had the knowledge of these things which the state had earnestly sought, but upon investigation could not find, and yet he sat through the trial as the case proceeded to a conviction, and purposely withheld evidence which was peculiarly within his knowledge and power. The evidence offered by the state of the misrepresentations, and of the result of the investigation made as to the existence of the company—which seems to have been a reasonable effort and about the best way that such negative fact could be shown—was a sufficient showing to take the case to the jury. In the situation presented, the case came fairly within the rule based in part on judicial necessity, that where an allegation or fact is of a negative character, which the prosecution has not the means to prove affirmatively, it then devolves upon the defendant who has the means to disprove the negative fact if it is not true, and if he fails to do so an assumption is warranted that it is true. In 16 C. J. 530 it is stated:

"Where the subject matter of a negative averment in the indictment, or a fact relied on by defendant as a justification or excuse, relates to him personally or otherwise lies peculiarly within his knowledge, the general rule is that the burden of proof as to such averment or fact is on him."

See, also, *State v. Wilson*, 62 Kan. 621, 64 Pac. 23; *Eagan v. Murray*, 102 Kan. 193, 170 Pac. 389; 5 Wigmore on Evidence, 2d ed. 440.

Then, too, there was a representation that his company would deliver a stove to Mrs. Campbell on January 20, 1930, which he knew could not and would not be done. This was a false representation although blended with a promise of the future, made to obtain the money, and is within the statute and punishable. (*State v. Cowdin*, 28 Kan. 269.) The evidence is deemed sufficient to sustain the verdict of the jury and the judgment of the court.

The judgment is affirmed.