No. 46,489

STATE OF KANSAS, *Appellee,* v. STEPHEN STICE BRAUN, *Appellant.*

(495 P. 2d 1000)

Opinion filed April 8, 1972.

*John C. Humpage,* of Humpage & Stewart, of Topeka, argued the cause and was on the brief for the appellant.

*John Mike Elwell,* County Attorney, argued the cause and *Vern Miller,* Attorney General and *Ronald R. Kimzey,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: The appellant, Stephen Stice Braun, was convicted by a jury of possession of marijuana in violation of K. S. A. 65-2502. The prosecution followed the search of a residence in rural Douglas County, Kansas, on January 13, 1970. Entrance to the residence was gained pursuant to a search warrant issued by Judge Charles Rankin of the county court on January 12, 1970. The police officers

searched a room of the house occupied by appellant. He was sleeping in the room at the time the search was conducted. As a result of the search the police officers found behind the bookcase on the west side of the room a green trash bag containing 30 wrapped packets of marijuana. When the search was made appellant's personal belongings were in the room including his clothing, a billfold containing appellant's identification and $400 in cash, books and letters. There was no evidence indicating that anyone other than the appellant occupied the room. Following the discovery of the marijuana appellant was placed under arrest for possession of marijuana in violation of K. S. A. 65-2502. The appellant entered his plea of not guilty to the charge. A series of pretrial motions were filed on behalf of the appellant including a motion to suppress the drugs discovered at the time of the search; a motion to compel the state to reveal the name of the informant upon whose information the original search warrant was issued; a motion to dismiss and abate the proceedings attacking the constitutionality of K. S. A. 65-2502; and a motion to dismiss the information because of the insufficiency of the complaint. All of these motions were overruled. The case was then tried to a jury.

At the trial the state presented the testimony of the law enforcement officers as to their activities in the search and the events that followed and in addition presented expert testimony identifying the contents of the 30 plastic packets found in appellant's room as marijuana. The state rested without offering into evidence the marijuana found in appellant's room. Appellant requested a recess before beginning his defense and during the recess moved for his discharge. The state immediately moved to reopen its case and introduce the two exhibits which it had failed to offer. The court allowed the state to reopen its case to introduce the two exhibits and overruled the appellant's motion for discharge. The appellant offered no evidence in his defense. The jury brought in a verdict of guilty of possession of marijuana as charged. The appellant filed motions for a new trial and for a directed verdict which motions were overruled. A timely appeal from the conviction was taken to this court.

The appellant raises a number of points on this appeal which will be considered in order. The appellant's contention in his first point is that the trial court was in error in overruling appellant's motion to suppress all of the evidence seized in the search of the residence

on January 13, 1970. The appellant in essence attacks the sufficiency of the affidavit upon which the search warrant was issued by Judge Rankin on the basis of the affidavit of Ronald A. Hanson, a special agent of the Federal Bureau of Narcotics and Dangerous Drugs. This affidavit in its entirety was as follows:

"COMPLAINT FOR SEARCH WARRANT

"STATE OF KANSAS, DOUGLAS, COUNTY, ss:

"Ronald Hanson, being first duly sworn upon his oath, deposes and says:

"That he has just and reasonable grounds to believe, and does believe, that there is certain contraband or property which constitutes or may be considered a part of the fruits, instrumentalities or evidence of a crime under the laws of this state, any other state, or of the United States of America, located in or upon property described as: The house and surrounding outbuildings located .6 mile south of Highway K-10 on Eisele Road with a post office address of Route 2, Box 227, Lawrence, Douglas County, Kansas.

"The said contraband or property is described as: a quantity of marihuana and a quantity of hashish, a derivative of marihuana.

"The reasons affiant believes that said property is at the specified location are: Affiant is a special agent of the Federal Bureau of Narcotics and Dangerous Drugs. Affiant has received information from a reliable informant who advises that a person or persons had in his or their possession a quantity of marihuana and who sold quantities of the drug known as hashish and represented that he or they had additional quantities of hashish for sale. The reason the affiant knows said informant to be reliable is that for over one and one-half years said informant has supplied reliable information on at least two instances to the Federal Bureau of Narcotics and Dangerous Drugs involving the sale of narcotics and dangerous drugs which information proved to be true when investigated by the Federal Bureau of Narcotics and Dangerous Drugs. That said informant is still supplying valuable information about current investigations and if his name is not held in confidence, the result would be to endanger him and it would endanger other investigations. On all occasions that information has been given by this informant, it has proved to be reliable. On this occasion informant advises he saw the above described marihuana and hashish at the above described location within the past 4 days, and believes the same to be there at the present time. Based upon said information, this affiant believes there is probable cause for believing said drugs may be found there at this time.

"/s/ RONALD A. HANSON

"Subscribed and sworn to before me this 12th day of January, 1970.

"/s/ CHARLES C. RANKIN

"*County Judge*"

The appellant contends that the affidavit was insufficient for several reasons. Appellant first argues that the informant was an agent of the Federal Bureau of Narcotics and Dangerous Drugs who may have acted illegally in obtaining the information men-

tioned in the affidavit for the search warrant. There is no evidence in the record that the informant obtained his information illegally. Evidence obtained by law enforcement officers using the subterfuge of hiding their identity in order to pose as members of the general public has consistently been held to be admissible. *United States v. Bush*, 283 F. 2d 51 (6th Cir. 1960); *State v. Seven Slot Machines*, 203 Kan. 833, 457 P. 2d 97. There is no evidence whatsoever that the informant posed as anything other than a member of the general public. The appellant does not allege that anyone broke into his residence or entered it without permission. Appellant simply makes the unsupported statement that the informant conducted an unreasonable search. We hold this contention to be without merit.

The appellant next contends that the affidavit for the search warrant was insufficient because it was based upon the hearsay testimony of an informant and did not meet the standards as set forth in *Aguilar v. Texas*, 378 U. S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509; *Spinelli v. United States*, 393 U. S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, and *Jones v. United States*, 362 U. S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725. Those cases require that the affidavit for the search warrant must set forth facts sufficient to establish the reliability of the unidentified informant and the underlying circumstances from which it could be concluded that the informer had reliable information that the accused was engaged in criminal activity. These same general standards are recognized in *United States v. Harris*, 403 U. S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075, and by our own cases such as *State v. Hart*, 200 Kan. 153, 434 P. 2d 999, and *State v. Seven Slot Machines*, supra. These cases emphasize that it is essential to the validity of a search warrant that the issuing magistrate be provided with sufficient facts to enable him to make an intelligent and independent judgment that probable cause for its issuance exists.

Each case must be decided on its own merits. When we turn to the specific affidavit for a search warrant involved in the case at bar we have no hesitancy in upholding its sufficiency. The affidavit states unequivocally not only that the informant is reliable but that the reason the affiant knows the informant to be reliable is that for over one and one-half years the informant has supplied reliable information on at least two instances to the Federal Bureau of Narcotics and Dangerous Drugs which infor-

mation proved to be true. In addition it should be noted that the affidavit declares that the informant advised that he *saw* the marijuana and hashish at the premises described in the affidavit within the past four days and that he believed the same to be there at the time the affidavit was executed. The affidavit in the case at bar meets the constitutional requirements of probable cause. It contains facts which support the reliability of the informant based upon specific past experience and which show that the informant's information was based upon his personal observation. Taken in its entirety the affidavit provided the issuing magistrate with sufficient facts to enable him to make an intelligent and independent judgment that probable cause for the issuance of a search warrant existed.

Appellant next attacks the sufficiency of the affidavit because it failed to identify the premises to be searched with sufficient particularity. The affidavit described the property to be searched as the house and surrounding outbuildings located .6 mile south of Highway K-10 on Eisele Road with a post office address of Route 2, Box 227, Lawrence, Douglas County, Kansas. The record is undisputed that this house and its outbuildings constitute one property and was rented as such. We are not concerned here with an apartment building divided into apartments or subunits as discussed in the annotation in 11 A. L. R. 3d 1330. We hold the description of the premises here to be sufficient.

Appellant next urges that the court should have made specific findings of fact and conclusions of law at the time the motion to suppress was overruled. In a situation where the sufficiency of an affidavit for a search warrant is involved the specific facts contained in the affidavit are the basis for the determination of probable cause by the trial court. The circumstances are not the same as in habeas corpus cases where an evidentiary hearing is often required and where factual issues may be presented. The important finding is the finding of probable cause on the part of the magistrate which finding is specifically contained in the search warrant which was issued in this case. We find this contention of appellant without merit.

As his second point appellant contends that the trial court erred in refusing to sustain appellant's motion to require the state to reveal the identity of the informer upon whose information the search warrant was issued. Appellant contends in substance that if

he had knowledge of the identity of the informer he might be able to develop a defense of entrapment and therefore the disclosure of the identity of the informer was essential to guarantee his right to a fair trail. The issue presented here was determined in *State v. Robinson*, 203 Kan. 304, 454 P. 2d 527, and in *State v. Nirschl*, 208 Kan. 111, 490 P. 2d 917, where we held that ordinarily the disclosure of the identity of an informer lies within the sound discretion of the district court whose discretion will not be overturned unless that discretion is abused. Under K. S. A. 60-436 the district court may compel disclosure of the identity of an informer if it finds that the identity of the informer has already been disclosed by some other source or if disclosure of his identity is essential to assure a fair determination of the issues. It is incumbent upon the defendant to show that the identity of the informer is material to his defense. (*People v. Martin*, 82 Cal. Rptr. 414, 2 C. A. 3rd 121.) It is clear from the record in this case that there was no showing that the informer participated in the offense or that the informer was present at the time of the serving of the search warrant or that he was a material witness in the case. As pointed out in *State v. Robinson*, supra, when the issue is probable cause for the search and not guilt or innocence of the defendant, the state generally need not disclose the identity of the informer. The reason for this rule is that the prosecution is usually based upon the narcotics taken at the time of the search and arrest and the informer has little or nothing to do with this aspect of the case. Since the appellant failed to show that the informer participated in the offense or that the informer was in any way a material witness we cannot say the district court abused its discretion in refusing to compel disclosure of his identity.

In his third point the appellant attacks the constitutional validity of K. S. A. 65-2502, under which appellant was charged, and the other sections of the Uniform Narcotic Drug Act which require records to be kept of sales of narcotic drugs, such records being subject to inspection by federal, state, county and municipal officers. He refers specifically to K. S. A. 65-2504, 65-2508 and 65-2515. Appellant contends this statutory scheme is a violation of his constitutional privilege against self-incrimination under the Fifth Amendment to the United States Constitution. In substance he argues that compliance with the state statutes which require the keeping of records of the sale of narcotic drugs subjects him to prosecution under other sections of the act and also under the

Marijuana Tax Act 26 U. S. C. A. 4741, *et seq.* In asserting this argument appellant relies on *Marchetti v. United States,* 390 U. S. 39, 19 L. Ed. 2d 889, 88 S. Ct. 697; *Grosso v. United States,* 390 U. S. 62, 19 L. Ed. 2d 906, 88 S. Ct. 709; and *Leary v. United States,* 395 U. S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532. *Marchetti* and *Grosso* were prosecutions brought by the United States for failure to pay wagering excise taxes. *Leary v. United States,* supra, involved an alleged violation of the Marijuana Tax Act. Those cases did not arise under a state statute regulating the traffic in narcotic drugs. It is well established that in the exercise of its police power a state may regulate the administration, sale, prescription, possession and use of narcotic drugs. *Robinson v. California,* 370 U. S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417; *Whipple v. Martinson,* 256 U. S. 41, 65 L. Ed. 819, 41 S. Ct. 425. *Robinson* declares that such regulation by a state can take a variety of valid forms. A state may impose criminal sanctions, for example, against the unauthorized manufacture, prescription, sale, purchase or possession of narcotics within its borders. The regulation of marijuana may be included in the same category as other narcotic drugs.

The Uniform Narcotic Drug Act has been adopted in Kansas and in all but a few jurisdictions within the United States. Under the Uniform Narcotic Drug Act detailed records of all narcotic drugs received, administered, sold, or disposed of must be kept and preserved by all persons authorized to deal in narcotic drugs. These records must be kept and maintained in the form prescribed for a specified time and must be open for inspection to federal, state, county and municipal officers whose duty it is to enforce the narcotic drug laws. They are "required records". Both *Marchetti* and *Grosso* recognize the "required records" doctrine established in *Shapiro v. United States,* 335 U. S. 1, 92 L. Ed. 1787, 68 S. Ct. 1375. *Shapiro* declares that there is no privilege against self-incrimination as applied to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subject of governmental regulation and the enforcement of restrictions validly established. Examples of such "required records" suggested in *Shapiro* are records kept by such individuals as druggists who are required by statute to keep a record of all sales of intoxicating liquors. We hold that the "required records" doctrine is applicable in the case at bar since the records of narcotic sales are part of a statutory scheme of state regulation of the narcotics

traffic. They are records of a kind which have customarily been kept in the business by dealers in drugs and narcotics. These records are not directed against individuals inherently suspect of criminal activities. Hence the rules applied in *Marchetti, Grosso* and *Leary* are not applicable to the case at bar. We therefore reject appellant's third point as being without merit.

Appellant's next point is that the trial court erred in failing to sustain appellant's motion to dismiss the information for the reason that the complaint was insufficient to establish probable cause as a basis for the issuance of the arrest warrant. The record shows that the appellant was first arrested on January 13, 1970, after a search of his room disclosed a large quantity of marijuana. Subsequent to appellant's arrest a formal complaint charging appellant with the possession of marijuana in the language of the statute was filed in the county court and an arrest warrant was issued thereon. We hold the complaint was sufficient to support a finding of probable cause by the county judge and as a basis for criminal prosecution. When a crime is charged substantially in the language of the statute, the requirement of the Bill of Rights that no arrest warrant shall be issued but on probable cause supported by oath or affirmation is satisfied by the charge made and the positive form of the verification. (*State v. Addington,* 205 Kan. 640, 472 P. 2d 225.) *Giordenello v. United States,* 357 U. S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245, relied upon by appellant has no application in this case since we are not concerned here with the suppression of evidence seized incidental to an arrest made under an invalid arrest warrant.

Appellant's next contention is that it was error for the trial court to permit the state to reopen its case after the state had rested to allow the introduction into evidence of the marijuana smoking pipe and the marijuana samples. Appellant further argues that the trial court committed reversible error in not discharging the appellant at the close of the state's evidence because these exhibits had not been formally admitted into evidence before the state rested its case. It has long been the law of Kansas that the granting of permission to the state to reopen its case rests in the sound discretion of the trial court, *State v. Wooden,* 110 Kan. 315, 203 Pac. 722; *State v. Gibbs,* 105 Kan. 52, 181 Pac. 569. In *State v. Benson,* 207 Kan. 453, 485 P. 2d 1266, it was held not to be prejudicial error to permit the introduction of the state's exhibits during the intro-

duction of the state's evidence in rebuttal. In the case at bar the record discloses the testimony of expert witnesses who identified state's exhibits 2 and 3 and established that each of the 30 bags along with the pipe contained marijuana. The failure to formally offer these exhibits was obviously a mere oversight. We find no prejudicial error in the order of the trial court permitting the state to reopen its case in order to admit these exhibits into evidence.

Appellant further contends that the trial court erred in overruling appellant's motion to discharge at the close of the evidence for the reason that the state failed to provide substantial competent evidence that the narcotics were in the exclusive possession of the appellant at the time they were seized. The record in the instant case shows that the appellant was present at the time the property was first rented. The pipe and marijuana were found behind a bookcase in a room where the appellant was sleeping alone. Only the appellant's personal belongings were in the room and there was no evidence indicating occupancy of the room by anyone other than the appellant. We hold this evidence was sufficient to raise a jury question on the issue of the appellant's possession of the narcotics.

Appellant next urges that the trial court erred in failing to require the state to prove that the appellant was not an exempt person under the act and that appellant had not fully complied with the procedures required by the statutes. This point is controlled by K. S. A. 65-2517 which relieves the state in its case in chief of the burden to negative exceptions and exemptions under the statute. K. S. A. 65-2517 provides as follows:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this act, it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this act, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant."

There is nothing new about this provision in Kansas. In *State v. Miller*, 127 Kan. 487, 274 Pac. 245, it was held that when the state has established a *prima facie* case against a defendant charged with possession of narcotics, the defendant is under the necessity of combating this *prima facie* case by some explanation of his possession of the property consistent with his innocence, and his failure to make such explanation subjects him to the risk of conviction. The general rule has always been in Kansas that the accused has the burden of introducing evidence as a matter of de-

fense that he is within an exception or exemption in the statute creating the offense where such exception or exemption is not part of the description of the offense. Accordingly, the prosecution owes no duty to prove on its case in chief that the accused is not within the exception. This, of course, is a mere rule of procedure and does not relieve the state of its burden of proving guilt. (*State v. Wilson,* 62 Kan. 621, 64 Pac. 23; *State v. Huff,* 75 Kan. 585, 90 Pac. 279; *State v. Driscoll,* 134 Kan. 671, 8 P. 2d 335.)

Appellant complains that the court should have included appellant's requested instruction No. 9 in its instruction to the jury. The matters contained in this requested instruction were adequately covered in the court's instructions 3, 4 and 5, and we find no error in the court's refusal to give the same.

As a final point appellant urges that he was denied a fair trial because of the trial court's failure to admonish and chastise the county attorney about certain statements made in his summation and by the failure of the court to admonish the jury to disregard such statements. An examination of the record in this case shows that upon objection by appellant's counsel the court admonished counsel for the state that he was getting beyond the evidence and issues involved in the case and that he should stop commenting on the subject forthwith. The prosecutor stated on the record before the jury that he was sorry for having gone into the subject and the court further admonished him about it. The comments made by the prosecutor had nothing to do with the failure of the appellant to take the stand. Under all the facts and circumstances we cannot find that the prosecutor's argument resulted in prejudice so as to deny the accused a fair trial.

For the reasons set forth above we find no error in the trial justifying a reversal and the judgment of the district court is therefore affirmed.