No. 47,165

STATE OF KANSAS, *Appellee*, v. DELORES WHITE, *Appellant.*

(515 P. 2d 1081)

Opinion filed November 3, 1973.

*Robert M. Brown,* of Topeka, argued the cause, and was on the brief for the appellant.

*John Taylor,* county attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action. The appellant was convicted in the lower court of delivering a drug, seco-barbital, contrary to K. S. A. 1971 Supp. 65-2602 (1) and sentenced

to a term of not less than one nor more than twenty years to the custody of the Kansas State Penal Director.

Various trial errors are assigned on appeal for reversal of the conviction and judgment.

On May 26, 1972, Candy Krueger, a special agent for the Kansas Attorney General, went to Junction City, Kansas, for the purpose of purchasing illicit drugs. She was accompanied by Thomas Mitchell, Jr., who was working without pay for the attorney general's office as an informant. At approximately 11:00 p. m. they went to a place known as "Shorty's Record Shop", located at 536 West 12th Street in Junction City. Krueger and Mitchell testified that upon being admitted into the house Delores White (defendant-appellant) asked Mitchell what he wanted. Mitchell replied he wanted "reds", if she had any. The appellant asked how many and Miss Krueger told her six, whereupon the appellant stated they were one dollar apiece. The appellant went into another room, returned shortly thereafter, and handed Krueger six red capsules in a kleenex. Krueger then handed the appellant a twenty dollar bill and received fourteen dollars in change.

Miss Krueger testified that upon receiving the kleenex and capsules from the appellant she placed them in her purse and later in the glove compartment of her car. Upon returning to her residence that evening, she placed them in a brown envelope. On May 30, 1972, she delivered the envelope and contents, personally sealed and initialed, to the chemist's shelf in the evidence locker at the K. B. I. laboratory. At the trial she identified state's exhibit No. 1 as being the same envelope in which she had placed the capsules, and that the capsules appeared to be the same.

Robert Harvey, a forensic chemist for the K. B. I. stated that he obtained the envelope, kleenex and capsules from the K. B. I. evidence locker on June 5, 1972. His analysis of the capsules revealed the presence of secobarbital. Following the analysis the capsules and kleenex were placed back into the envelope and returned to the evidence locker, where state's exhibit No. 1 remained until August 14, 1972, when it was released to the county court at the appellant's preliminary hearing.

The appellant while testifying on her own behalf, admitted Krueger and Mitchell were at "Shorty's Record Shop" on the night in question, but denied that either Mitchell or Krueger had asked her for any drugs or that she had ever sold any to them.

The case was tried to a jury in the district court, and the jury returned a verdict finding the appellant guilty. Sentencing followed the overruling of the appellant's motion for a new trial.

The appellant first contends the trial court erred in overruling her objection to the admission of state's exhibit No. 1 (the capsules, kleenex and envelope) for failure to show the chain of possession for the period of time between the preliminary examination and the trial. No objection is made to evidence accounting for the custody of the exhibit from the time of purchase until it was finally analyzed by the chemist and released to the county court at the preliminary hearing.

The appellant's argument is that since there was no testimony concerning the possession and custody of the exhibit after the preliminary hearing, the "chain of evidence" for admission of this exhibit was not established. The foundation laid by the state for admission of the exhibit in evidence consisted of the identification by the agent, identification by the chemist, and a close accounting of the whereabouts of the exhibit from the time it was purchased until it was finally analyzed by the chemist. (See, *State v. Foster*, 198 Kan. 52, 422 P. 2d 964.)

One of the most important prerequisites for the admission of the results of a chemical test made on a drug is that the specimen analyzed shall be traced to the accused. After analysis the exhibit itself is not vitally material as evidence.

The same point was asserted by the appellant in *State v. Belote*, 213 Kan. 291, 516 P. 2d 159, where the appellant's contention was rejected. In the opinion the court said:

". . . It was not incumbent upon the prosecution to make the showing urged by appellant or even to show that the contents of the packages were in the same condition at the time of trial in district court as when sold by appellant to the agent. There is no indication of tampering with the exhibits and it must be recognized that many substances may be either wholly or partially consumed or changed in appearance by reason of chemical analysis. Beyond this, the critical fact to be proven in connection with these exhibits was that the contents of the packages sold by appellant consisted of heroin. In such a situation the identity to be proved is that of the material sold with the material analyzed. Here the prosecution clearly established the essential links in the chain of evidence to show that the powder analyzed was that sold by appellant to the agent. No error derived from admission of the exhibits."

Under the facts and circumstances in the instant case it was not

error for the trial court to admit state's exhibit No. 1 into evidence because a proper foundation was laid for its introduction.

The appellant next contends the trial court erred in overruling her motion for a mistrial when the witness, Thomas Mitchell, Jr., volunteered that he had purchased drugs from the appellant in the past.

Counsel for the appellant on cross-examination of Mitchell elicited testimony that Mitchell had previously been convicted for the sale of drugs in Junction City, Kansas, on July 20, 1971, and that he was placed on probation. Mitchell also admitted he had been convicted in Texas of possession of marijuana. Thereupon counsel for the appellant asked Mitchell how long he had known the appellant. The witness answered "About five years." Counsel then pursued the matter as follows:

"Q. Five years. What's been your acquaintance with her in the past—you just know her as a friend, do you?

"A. Yes, sir.

"Q. Just as a friend?

"A. Yes, sir. And I have purchased drugs from her before."

At this point counsel for the appellant moved the court for a mistrial on the grounds that the question asked did not call for the answer that was given, and that the same was prejudicial to the appellant. The trial court overruled the motion and admonished the jury not to consider the answer given by the witness.

The witness had just answered a question indicating he knew the appellant as a friend. But counsel for the appellant repeated the question which clearly implied that counsel was seeking a more illuminating response. The question was phrased so that the witness might more fully elaborate on the relationship between the witness and the appellant. The answer was responsive and within the context of the question asked. Under the circumstances the error, if any, was invited by counsel for the appellant, and the appellant is in no position to request a mistrial. Accordingly, the point asserted is without merit.

The appellant next contends the trial court erred in overruling her motion for discharge at the close of the state's evidence because the state failed to establish a *prima facie* case—that it failed to negate the fact that she was authorized to deliver drugs.

The appellant was charged and convicted for violation of K. S. A. 65-2602 (1) (now repealed) which reads as follows:

"Prohibited acts. It shall be unlawful

"(1) To deliver any drugs unless: (A) Such drug is delivered by a pharmacist, or his authorized agent, in good faith upon prescription and there is affixed to the immediate container in which such drug is delivered a label bearing (a) the name and address of the owner of the establishment from which such drug was delivered; (b) the date on which the prescription for such drug was filled; (c) the number of such prescription as filed in the prescription files of the pharmacist who filled such prescription; (d) the name of the practitioner who prescribed such drug; (e) the name and address of the patient, and if such drug was prescribed for an animal, a statement showing the species of the animal; and (f) the direction for use of the drug and cautionary statements, if any, as contained in the prescription; and

"(B) In the event that such delivery is pursuant to telephonic order, such prescription shall be promptly reduced to writing and filed by the pharmacist; or

"(C) Such drug is delivered by a practitioner in good faith and in the course of his professional practice only."

The prohibited conduct is set forth in the phrase "It shall be unlawful (1) To deliver any drugs. . . ." The remainder of the above quoted statute sets forth *an exception* to the first phrase, and was intended merely to take certain persons or acts out of the general prohibition set forth in the statute.

The general rule has always been in Kansas that the accused has the burden of introducing evidence as a matter of defense that he is within an exception or exemption in the statute creating the offense, where such exception or exemption is not part of the description of the offense. (*State v. Braun,* 209 Kan. 181, 495 P. 2d 1000 and *State v. Miller,* 127 Kan. 487, 274 Pac. 245.) Accordingly, the prosecution has no duty to prove on its case in chief that the accused is not within the exception. This is a mere rule of procedure and does not relieve the state of its burden of proving guilt. (See, *State v. Braun,* supra and cases cited therein.)

For the above reason the trial court did not err in overruling the appellant's motion for discharge at the conclusion of the state's evidence.

The appellant's contention that the trial court erred in giving its instruction on reasonable doubt and presumption of innocence, because they were erroneous and not explicit enough, is without merit.

The trial court gave an instruction on burden of proof, presumption of innocence and reasonable doubt which it quoted verbatim from PIK Criminal 52.02. The same points have previously been

asserted to this court challenging this instruction on the ground that reasonable doubt is not sufficiently defined, and further on the ground that the instruction uses the word "assume" as distinguished from "presume".

This instruction has heretofore been approved by this court on appellate review, where the subject has been fully discussed, in *State v. Larkin*, 209 Kan. 660, 498 P. 2d 37, and *State v. Taylor*, 212 Kan. 780, 512 P. 2d 449.

The judgment of the lower court is affirmed.