No. 47,287

STATE OF KANSAS, *Appellee*, v. WILLIAM CARTER, *Appellant*.

(521 P. 2d 294)

Opinion filed April 6, 1974.

*Charles S. Scott*, of Scott, Scott, Scott & Jackson, of Topeka, argued the cause, and was on the brief for the appellant.

*John H. Taylor*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant William Carter appeals from conviction of two counts of delivering barbiturates in violation of K. S. A. 1971 Supp. 65-2602 (1) (now K. S. A. 65-4126 [a]), and two concurrent sentences of one to twenty years imposed therefor.

The evidence against the defendant, in the form of testimony of Guy S. Teeselink and Terry L. Stevens, special narcotics agents for the Kansas Bureau of Investigation, is as follows: They went to Junction City to purchase drugs on February 15, 1972, and picked up two individuals in downtown Junction City, known to the agents only as Gary and Clarence. They directed the agents to Shorty's Record Shop located in a residence at 536 West 12th. At the shop they were introduced by Gary and Clarence to an individual whom the agents later identified in court as defendant Carter. The agents testified they asked Carter if he had any "reds;" he reached into his pocket, removed three tablets from a bottle, and handed them to the agents. They gave him three one dollar bills in payment. The agents returned to 536 West 12th on February 16, 1972; Carter answered the door and asked if they were there to buy "grass." The agents replied they were there to buy more "reds." Carter went into the bedroom and came back with four tablets saying the extra was one he had promised them before. The agents paid him three one dollar bills. All the tablets were identified by K. B. I. laboratory tests as containing secobarbital, a derivative of barbituric acid.

Defendant and others were arrested on February 18, 1972, during a drug raid on 536 West 12th. Defendant testified he had never seen agents Teeselink and Stevens before the night of his arrest. Defendant denied selling or delivering drugs from a bottle in his possession. He testified he had made deliveries of drugs to buyers at the record shop, but he had acted merely as relay from sellers in the back room of the shop and had not kept any payments of money. Defendant could not identify any of the sellers in the back room for whom he admitted relaying drugs.

At the close of the state's evidence, defendant moved for a directed verdict of acquittal, alleging the state's evidence proved he was entrapped as a matter of law since no previous narcotics convictions or sales were proved against him. This contention has no merit. Where some evidence is offered to support the defense of entrapment, the question of fact is raised whether the intent

to engage in the offense originated in the mind of the defendant or was instigated by officers or agents of the state. The question is one of intent, and failure to show evidence of past convictions or sales of narcotics as evidence of intent does not prove entrapment as a matter of law. (*State v. Reichenberger,* 209 Kan. 210, 495 P. 2d 919; *State v. Fitzgibbon,* 211 Kan. 553, 507 P. 2d 313.) The record shows the question of entrapment was properly submitted to the jury with appropriate instructions.

Defendant submits as further ground to support his motion for directed verdict of acquittal that the state has not made a prima facie case against him because it failed to prove he was not within the exceptions to the general prohibition of K. S. A. 1971 Supp. 65-2602 (1). The statute which defendant is charged with violating reads as follows:

"It shall be unlawful

"(1) To deliver any drugs unless: (A) Such drug is delivered by a pharmacist, or his authorized agent, in good faith upon prescription and there is affixed to the immediate container in which such drug is delivered a label bearing (*a*) the name and address of the owner of the establishment from which such drug was delivered; (*b*) the date on which the prescription for such drug was filled; (*c*) the number of such prescription as filed in the prescription files of the pharmacist who filled such prescription; (*d*) the name of the practitioner who prescribed such drug; (*e*) the name and address of the patient, and if such drug was prescribed for an animal, a statement showing the species of the animal; and (*f*) the direction for use of the drug and cautionary statements, if any, as contained in the prescription; and

"(B) In the event that such delivery is pursuant to telephonic order, such prescription shall be promptly reduced to writing and filed by the pharmacist; or

"(C) Such drug is delivered by a practitioner in good faith and in the course of his professional practice only."

The trial court correctly denied defendant's motion for two reasons. First, defendant's contention has since been disapproved by this court in *State v. White,* 213 Kan. 276, 515 P. 2d 1081, Syl. ¶ 3. A defendant has the burden of introducing defense evidence that brings him within an exception or exemption in the statute creating the offense, where such exception or exemption is not part of the description of the offense. Second, as the trial court pointed out, K. S. A. 65-2517 (now K. S. A. 65-4136) makes it unnecessary for the state to negate any exceptions to the prohibition contained in the Uniform Narcotic Drug Act, K. S. A. 65-2501, *et seq.* (now the Uniform Controlled Substances Act, K. S. A. 65-4101, *et seq.*).

K. S. A. 65-2517 provides as follows:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this act, it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this act, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant."

Defendant contends K. S. A. 65-2517 is an unconstitutional denial of due process because it shifts the burden of proof to the defendant. Constitutionality of this statute has not been directly challenged. In *State v. Braun,* 209 Kan. 181, 495 P. 2d 1000, we pointed out the statute is procedural and merely codifies prior case law to the same effect.

The term "burden of proof" is often loosely and inaccurately used to convey two different meanings. Its primary meaning describes the burden of persuasion which our concept of due process places upon the state to prove a criminal charge. Every plaintiff bears the burden of persuasion. This primary meaning has other synonyms. It has been called the duty of establishing the truth of a given proposition; *i. e.,* the defendant's guilt as charged in a criminal case. Risk of non-persuasion is another primary definition. (29 Am. Jur. 2d, Evidence, § 123, pp. 154, 155.) The secondary meaning of burden of proof and the meaning which we ascribe to it in K. S. A. 65-2517, is defined as the obligation resting upon a defendant to meet with evidence a prima facie case against him. It can also be defined as the duty of going forward with the evidence or the burden of evidence. This is a procedural obligation, as pointed out in *Braun,* and the obligation or duty to go forward with the evidence can shift from party to party during the course of a trial. (1 Jones on Evidence, 6th Ed., Gard, § 5.2.) By enacting K. S. A. 65-2517 and its successor, K. S. A. 65-4136, the legislature has made it clear that the statutory exceptions to the general prohibition against delivering drugs must be asserted as affirmative defenses, and negative proof of these exceptions is not necessary to make a prima facie case against defendants charged under the act.

As his final point on appeal, defendant contends the trial court created prejudicial error by admitting hearsay evidence. In their testimony, agents Teeselink and Stevens repeated portions of conversation with Gary and Clarence to the effect that the seller to whom they were introduced was named Carter. Gary and Clarence were not present for cross-examination at the trial and the conversation was not overheard by or in the presence of defendant.

The court admitted the description of the act of introduction, but instructed the jury to disregard testimony that Gary and Clarence told the agents at the time of introduction the seller's name was Carter. In view of the court's admonition to disregard testimony relating the conversation, we find no prejudicial error.

Defendant states another point on appeal, but does not brief it, to the effect the trial court erred in not granting his motion for a new trial based on the foregoing alleged errors. We have examined the record and find the court did not err in denying his motion for new trial for the reasons previously set forth.

We find no error in the trial justifying reversal and the judgment of the trial court is affirmed.