NOT DESIGNATED FOR PUBLICATION

No. 120,478

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

UNIFIED GOVERNMENT OF WYCO/KCK,
*Appellee*,

v.

ERIC S. CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge pro tem. Opinion filed October 25, 2019. Affirmed.

*Eric S. Clark*, appellant pro se.

*Francis Givens*, prosecutor, and *Kenneth J. Moore*, chief legal counsel, for appellee.

Before POWELL, P.J., GARDNER, J., and LAHEY, S.J.

PER CURIAM: Eric S. Clark appeals his conviction for violating the municipal seat belt ordinance. Clark argues that the district court misinterpreted the seat belt ordinance, that the officer lacked sufficient evidence to support reasonable suspicion for the stop, and that the ordinance is unconstitutional as applied. We find no error in the district court's interpretation of the ordinance, find the officer had reasonable suspicion to justify the stop, and find the seat belt ordinance is constitutional. Consequently, we affirm Clark's conviction.

FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2018, Master Sergeant Matt Cross of the Kansas City, Kansas Police Department saw Clark driving an Oldsmobile while not wearing a seat belt—he could see the seat belt in its position up against the door rather than draped across Clark's shoulder. Based solely on that observation, Cross initiated a traffic stop. After Cross explained the reason for the stop, Clark said that he had a shoulder injury that made it difficult to wear a seat belt. Cross did not ask for, nor did Clark voluntarily offer, any medical documentation regarding the injury. Cross issued a citation to Clark for violating the Code of Ordinances of the Unified Government of Wyandotte County/Kansas City, Kansas, Ordinance § 35-651 (2017). The municipal court adjudged Clark guilty of violating the city seat belt ordinance, and Clark appealed to the district court.

Cross was the only witness to testify in the district court trial. At the conclusion of the City's evidence, Clark submitted an 11-page motion for acquittal. The district court continued the hearing to allow it and the State time to review and respond to the motion. After the State filed a response, the district court gave a lengthy legal analysis and denied the motion. The district court found Clark guilty of violating the city seat belt ordinance and fined him $30.

Clark timely appeals.

I.    DID THE OFFICER HAVE SUFFICIENT EVIDENCE TO JUSTIFY THE STOP?

Clark nominally makes a sufficiency of the evidence challenge. However, his sole articulated basis for challenging the sufficiency of the evidence is that the officer lacked sufficient evidence at the time of the stop to reasonably suspect Clark was violating the seat belt ordinance. Clark argues that because the officer had no way of knowing whether

2

any exception to the seat belt requirement applied, Clark should not have been stopped and his conviction should be reversed.

We note that Clark does not contest any specific fact, element of the offense, or failure of proof on the part of the State at trial. In his argument at trial, Clark said, "There is no dispute concerning the facts. It's only concerning the matter of law." The facts upon which Clark bases his appeal are not in dispute. Clark alleged, and the officer agreed, that at the time of the stop, the officer did not know if a medical exception to the seat belt ordinance applied to Clark. Other than this single contention, Clark presents no factual challenge to the elements of the offense. Even though we observe some factual deficiencies in the City's evidence, those deficiencies are not argued or briefed here, nor were they argued or briefed in the district court. The failure to brief or assert an argument before an appellate court waives or abandons the argument. *State v. Tague*, 296 Kan. 993, 1001-02, 298 P.3d 273 (2013). We therefore determine Clark has waived any right to present a sufficiency of the evidence challenge.

Because the facts upon which Clark bases his appeal are not in dispute, we review the district court's ruling on the lawfulness of the stop, not as a sufficiency of the evidence challenge, but as a question of law. Our standard of review is de novo. See *City of Wichita v. Molitor*, 301 Kan. 251, 264-65, 341 P.3d 1275 (2014).

Before we discuss the stop and analyze Clark's various arguments, we first review the ordinance in question:

"Sec. 35-651.—Wearing seat belts required.

"(a) Except as provided in section 35-650 [and in] subsection (b) of this section:

(1)  Each occupant of a passenger car manufactured with safety belts in compliance with federal motor safety standard no. 208, who is 18 years of

3

age or older, shall have a safety belt properly fastened about such person's body at all times when the passenger car is in motion; and

(2) Each occupant of a passenger car manufactured with safety belts in compliance with federal motor safety standard no. 208, who is at least 14 years of age but less than 18 years of age, shall have a safety belt properly fastened about such person's body at all times when the passenger car is in motion.

"(b) This section does not apply to:

(1) An occupant of a passenger car who possesses a written statement from a licensed physician that such person is unable for medical reasons to wear a safety belt system;

(2) Carriers of United States mail while actually engaged in delivery and collection of mail along their specified routes;

(3) Newspaper delivery persons while actually engaged in delivery of newspapers along their specified routes.

"(c) Law enforcement officers shall not stop drivers for violations of subsection (a) of this section by a back seat occupant in the absence of another violation of law. A citation for violation of subsection (a) of this section by a back seat occupant shall not be issued without citing the violation that initially caused the officer to effect the enforcement stop.

"(d) The fine for violating subsection (a)(1) of this section shall be in the amount set by municipal court order.

"(e) The fine for violating subsection (a)(2) of this section shall be in the amount set by municipal court order." Ordinances of the United Government of Wyandotte County/Kansas City, Kansas (2017).

As set forth in subsection (b)(1), three categories of occupants are not required to wear seat belts: (1) A person with a written statement from a doctor stating that the person, for medical reasons, is unable to wear a seat belt; (2) mail carriers; and (3) newspaper delivery persons. Clark does not contend that he falls within any of these categories. Furthermore, Clark's argument is directed only to the first category of exception—a person who has a medical reason for not wearing a seat belt.

"A routine traffic stop is a warrantless seizure under the Fourth Amendment to the United States Constitution and is therefore unreasonable unless the officer who initiates the stop has a reasonable and articulable suspicion, based on facts, that the person stopped has committed, is committing, or is about to commit a crime." *State v. Glover*, 308 Kan. 590, Syl. ¶ 1, 422 P.3d 64 (2018), *cert. granted* 139 S. Ct. 1445 (2019). "Courts evaluate the existence of a reasonable suspicion under a totality-of-the-circumstances analysis that requires a case-by-case assessment." *Glover*, 308 Kan. 590, Syl. ¶ 2.

> "In determining whether reasonable suspicion exists, the court must judge the officer's conduct in light of common sense and ordinary human experience under the totality of the circumstances. . . . [Reasonable suspicion] represents a minimum level of objective justification and is considerably less than proof of wrongdoing by a preponderance of the evidence." *State v. Sharp*, 305 Kan. 1076, Syl. ¶ 4, 390 P.3d 542 (2017).

Reasonable suspicion is a lower standard than probable cause, and probable cause is a lower standard than beyond a reasonable doubt. See *Molitor*, 301 Kan. at 263 (evaluating whether evidence inadmissible at trial was admissible for reasonable suspicion). "Probable cause does not require specific evidence of each element of the offense as would be needed to support a conviction." *State v. Abu-Isba*, 235 Kan. 851, 853-54, 685 P.2d 856 (1984). Instead, probable cause looks at whether the evidence is sufficient "to warrant a person of reasonable caution to believe that an offense has been or is being committed." 235 Kan. at 854. The reasonable suspicion standard cannot

5

rationally require evidence of every element of or every exception to an offense when the higher probable cause standard does not.

Clark has been before another panel of our court for a seat belt violation in which he also challenged the stop. See *City of Olathe v. Clark*, No. 111,354, 2014 WL 6777444 (Kan. App. 2014) (unpublished opinion). Clark contended there that because the officer did not know if Clark qualified for the medical exception under the ordinance, the officer could not have formed a reasonable suspicion that Clark was violating the law. The panel found that law enforcement's observation of Clark driving his car while not wearing a seat belt was sufficient to justify the stop. 2014 WL 6777444, at *3. In this case, the district court also found that Cross' observation of Clark driving without a seat belt was a sufficient specific and articulable factual observation of a likely traffic infraction and determined the stop was proper under Fourth Amendment standards. We agree with the district court and the panel in *City of Olathe v. Clark*:  The observation of a driver not wearing a seat belt while traveling on a highway provides a sufficiently objective, factual basis for law enforcement to initiate a stop.

II.     DID THE DISTRICT COURT MISINTERPRET THE CITY ORDINANCE?

Clark next argues that the district court misinterpreted the city ordinance. "The interpretation of a municipal ordinance presents a question of law over which an appellate court has unlimited review." *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 291 Kan. 266, Syl. ¶ 5, 241 P.3d 15 (2010). The district court determined that under subsection (b)(1), the medical exception required the driver to have in his possession the letter from a physician reflecting that the driver was unable, for medical reasons, to wear a seat belt. We agree with the district court's interpretation that the medical exception is available only to a person in possession of a letter from a physician. The plain language of the ordinance requires it:  "This section does not apply to: (1) An occupant of a passenger car who possesses a written statement from a licensed physician

6

that such person is unable for medical reasons to wear a safety belt system." Ordinance §
35-651(b)(1). Not only was there no evidence that Clark possessed such a letter, but
Clark also does not ever contend that the medical exception applies to him. We find
Clark's statutory interpretation argument to be without merit.

Clark next argues that the three exceptions to the seat belt requirement are integral
elements of the law and that the government must affirmatively disprove the applicability
of each exception. Clark's argument is the same one he advanced in *Clark*, 2014 WL
6777444. The panel there considered Clark's argument, which involved a nearly identical
ordinance, held the medical exception was an affirmative defense, and affirmed his
conviction for violating the seat belt ordinance. We agree with the *Clark* panel's analysis.

Clark contends the district court's ruling improperly shifts the burden of proof
from the government to Clark by requiring him to prove that he falls within the scope of
one of the exceptions.

> "The general rule has always been in Kansas that the accused has the burden of
> introducing evidence as a matter of defense that he is within an exception or exemption in
> the statute creating the offense, where such exception or exemption is not part of the
> description of the offense. Accordingly, the prosecution has no duty to prove on its case
> in chief that the accused is not within the exception. This is a mere rule of procedure and
> does not relieve the state of its burden of proving guilty. [Citations omitted.]" *State v.*
> *White*, 213 Kan. 276, 280, 515 P.2d 1081 (1973).

See also *State v. Gunn*, 29 Kan. App. 2d 337, 341-42, 26 P.3d 710 (applying *White* and
finding exceptions in statute not negative elements required to be proved by prosecution),
*rev. denied* 272 Kan. 1421 (2001).

We find the exceptions in subsection (b) of the ordinance are not an integral part
of the offense and are not part of the description of the offense. The elements of the

offense are fully set forth in subsection (a), while subsection (b) sets forth the exceptions to that crime. Clark's emphasis is on the medical exception because there was no objective way for the officer to determine its applicability prior to stopping a person not wearing a seat belt.

The medical exception in the ordinance requires documentary proof which is not in the possession of or reasonably attainable by the State. "[W]here an allegation or fact is of a negative character, which the prosecution has not the means to prove affirmatively, it then devolves upon the defendant who has the means to disprove the negative fact if it is not true, and if he fails to do so an assumption is warranted that it is true." *State v. Driscoll*, 134 Kan. 671, 673, 8 P.2d 335 (1932); see *State v. Wilson*, 62 Kan. 621, 627, 64 P. 23 (1901). Here, the negative fact which the State lacks the means to prove is the possession by Clark of a written medical excuse. The documentary proof of a medical condition is exclusively within the control of the vehicle occupant who must obtain and possess it for the exception to apply. As a result, the burden of production is justly placed on the occupant—here, Clark. Because no evidence was produced suggesting any of the exceptions to the law applied in this case, the district court was correct in concluding no exception applied.

III.    IS THE ORDINANCE UNCONSTITUTIONAL AS APPLIED?

Finally, Clark argues the ordinance is unconstitutional as applied. An as-applied challenge contests the application of a statute or ordinance to a particular set of circumstances. See *State v. Hinnenkamp*, 57 Kan. App. 2d. 1, 4, 446 P.3d 1103, 1107 (2019). The circumstances which form the basis of Clark's challenge are the same as supports his other arguments—because the officer did not know if Clark had a physician's letter providing a medical reason, the officer could not reasonably suspect Clark was violating the ordinance. Having determined the stop to be constitutionally permissible—

8

the circumstances show the officer had reasonable suspicion for the stop—we find Clark's as-applied challenge lacks merit.

Affirmed.