**The STATE of Utah, Plaintiff and Respondent,**

v.

**Lonnie David CASE, Defendant and Appellant.**

**No. 14256.**

Supreme Court of Utah.

March 4, 1976.

Robert Van Sciver & Randall T. Gaither, Athay, Bown & Van Sciver, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was charged in the District Court of Salt Lake County with the crime of aggravated robbery in violation of Section 76–6–302, U.C.A.1953 as amended. A trial was had and the jury returned

the verdict of guilty. Pursuant to the verdict the court sentenced the defendant to serve a term in the Utah State Prison. The defendant is here seeking a reversal.

The state's evidence showed that on April 10, 1975, the defendant entered the 7–11 store at 4690 South Redwood Road in Salt Lake County. Myrna Barker was an employee of the store and was on duty at the time the defendant entered. The defendant purchased a package of corn chips which he ate while he walked around the store. Mrs. Barker testified that the defendant came up behind her, put a knife in her back, and demanded the money from the till. After Mrs. Barker opened the till she testified that the defendant took all of the currency which amounted to approximately $120 and left the store. Mrs. Barker further testified that the offense occurred between 10 p. m. and 10:30 p. m. The defendant claimed that he was at a birthday party during the time he was alleged to have committed the crime. Prior to trial the defendant had given the prosecuting attorney notice in writing of his intention to claim alibi and listed the names and addresses of witnesses he intended to call to establish his alibi. The prosecutor did not notify the defendant of those persons he intended to call to refute the evidence of alibi. The procedure for claiming an alibi and the right of the defendant to discover the prosecution's rebuttal is spelled out in Section 77–22–17, U.C.A. 1953 as amended, which provides as follows:

(1) Upon the written demand of the defendant, the prosecuting attorney shall specify in writing as particularly as is known to him, the place, date, and time of the commission of the offense. A defendant in a criminal case, whether or not such written demand has been made, who intends to offer evidence of an alibi in his defense shall, not less than ten days before trial or such other time as the court may direct, file and serve upon the prosecuting attorney a notice in writing of his intention to claim an alibi; the notice shall contain specific information as to the place where the defendant claims to have been at the time of the alleged offense and, the names and addresses of the witnesses by whom he proposes to establish the alibi. Not less than five days after receipt of defendant's witness list, or such other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses of the witnesses the state proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the cause.

(2) Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses of additional witnesses which come to the attention of either party subsequent to filing their respective witness lists as provided in this section.

(3) If a defendant fails to file and serve a copy of the notice as required in subsection (1), the court may exclude evidence offered by the defendant for the purpose of proving an alibi, except the testimony of the defendant himself. If the prosecuting attorney fails to file and serve a copy on the defendant of a list of witnesses as provided in subsection (1), the court may exclude evidence offered by the state in rebuttal to the defendant's alibi evidence.

(4) For good cause shown the court may waive the requirements of this section.

It should be noted that the statute empowers the court to waive the requirements of this section for good cause shown.

The prosecution recalled Mrs. Barker who had testified on the main case of the prosecution and one Craig Christensen who had been subpoenaed by the defendant who was in court but was not called by the defense. Mrs. Barker testified that some days after the robbery Craig Christensen was in the store and told her he knew the person who had committed the robbery.

She further testified that Craig Christensen further stated that he had been with the defendant on the night of the robbery and that Case had tried to get him to go with him but he had not done so. On cross-examination Christensen denied having the conversation with Mrs. Barker and further denied making the statements attributed to him.

While we are of the opinion that the defense and the prosecution should meet the requirements of the statute with meticulous care, nevertheless in this matter defendant knew that Mrs. Barker would become a witness against the defendant and her testimony respecting the conversation with Christensen would have been known to the defendant had it been inquired into. Craig Christensen having been subpoenaed by the defendant was undoubtedly interviewed by the defendant or his counsel and we must assume that the defendant was apprised fully of his knowledge of the facts he would testify to if called. There is no showing that the prosecution intentionally attemped to make any concealment of the facts regarding the alibi or its refutation. We are of the opinion that the trial court was justified in waiving the requirements of the statute.

During the course of the trial there was a reference in the testimony to the fact that defendant had been incarcerated in the Utah State Prison. The defendant moved for a mistrial which was denied by the court and the defendant assails that ruling here. During that part of the case wherein the state was attempting to refute the testimony of the defendant's witnesses concerning his claim of alibi the state had called Craig Christensen and during his cross-examination by defense counsel Christensen inadvertently referred to the fact that the defendant had come out of prison the day before the alleged offense. Then again on redirect Craig testified that when the defendant was out of the "point," referring to the prison, he lived with his parents. No further reference was made to these items of evidence by either counsel or the court. It does not appear that the prosecution sought to elicit the information.

The trial court's denial of the motion for a mistrial was proper. The verdict and judgment of the court below is affirmed.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.