**STATE of Utah, Plaintiff and Respondent,**

v.

**Billy Gene HADDENHAM, Defendant and Appellant.**

**No. 15487.**

Supreme Court of Utah.

Sept. 28, 1978.

Ronald J. Yengich, Salt Lake Legal Defenders Ass'n, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Craig L. Barlow, Asst. Attys. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals his conviction for the crime of rape,[1] claiming the trial court erred in allowing the State's alibi rebuttal witnesses to testify without prior notice to defendant.

1. U.C.A., 1953, 76–5–402.

After leaving her place of employment on May 5, 1977, the victim of the alleged crime was driving her small truck westbound on 3300 South, a main thoroughfare in Salt Lake County. While she was stopped at a traffic light near a freeway overpass, the passenger door suddenly opened and a man whom she had never seen before entered the vehicle. The man was wearing levi pants and jacket, cowboy boots, and a red baseball cap, all of which were dirty and rainsoaked. He appeared to be about 5 feet 8 inches tall, 20 years old, with long, dark hair, and clean shaven, although the victim saw her assailant's face only briefly on two occasions. The man asked to be taken to Redwood Road and then suddenly produced a knife and forced his victim to drive to a secluded parking lot where he raped her at knifepoint. The next day, the rape was reported to the police. Subsequently, the victim was shown numerous photographs of possible suspects from among which defendant's picture was selected as being the assailant.

At the trial of August 22, 1977 the victim again identified defendant as the man who had raped her and also identified the red baseball cap worn by the rapist which had been recovered from defendant's sister-in-law, Linda Haddenham. One Cindy Angelos testified that she had seen defendant at his uncle's home at 3185 South 2nd East on the night of May 5, 1977. The defendant was wearing levis, a levi jacket, and a hat· and was cleaning his fingernails with a large pocket knife. A police officer, Dean Carr, also testified for the State concerning the events surrounding the arrest of defendant at the home of Randy Haddenham, a brother of defendant, and Randy's wife Linda.

The defense then called several alibi witnesses. Randy and Linda Haddenham and others testified that the defendant had been in his or her presence during the evening of May 5, 1977. Thereafter, while in the judge's chambers, the prosecution requested it be allowed to recall two of its witnesses. The court allowed the testimony which ruling is the subject of this appeal. The jury found defendant guilty as charged who was later sentenced to one to fifteen years at the Utah State Prison.

When a defendant intends to offer evidence of an alibi in his defense, he must serve notice upon the prosecuting attorney of where defendant claims to have been at the time of the alleged offense and the witnesses who will so testify.[2] Likewise, the prosecuting attorney is required to serve notice of witnesses it proposes to offer in rebuttal to discredit the defendant's alibi.[3] The general purpose of these reciprocal obligations is to avoid unfair surprise by introducing testimony from "secret witnesses".[4] This Court has adopted the rationale that the defense is not so surprised and thus not prejudiced when it has implied prior knowledge of the State's rebuttal witnesses, even when it has not received a list thereof from the State.[5] The effect of not filing such notices is largely discretionary with the court,[6] who may even waive the requirements for good cause shown.[7] In the *Case* decision,[8] one of the rebuttal witnesses had testified during the State's case in chief and one had not, although he had been subpoenaed by the defendant. If defendant's implied knowledge as to the State's rebuttal witnesses would justify waiving the statutory requirements in that case, then *a fortiori* such analysis should hold here where the rebuttal witnesses (Angelos and Carr) had both already testified and defendant actually knew the content of their testimony. The trial court's waiver of notice did not result in the introduction of new evidence, but only permitted clarification of testimony already given.

2. U.C.A., 1953, 77–22–17(1).

3. Ibid.

4. *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973).

5. *State v. Case*, Utah, 547 P.2d 221 (1976).

6. U.C.A., 1953, 77–22–17(3).

7. U.C.A., 1953, 77–22–17(4).

8. Supra, footnote 5.

The rebuttal testimony defendant complains of relates to the date Ms. Angelos saw defendant and what Linda Haddenham told Detective Carr at the time of the arrest about her being with defendant all day and night on the date of the alleged offense. The trial court acted within its discretion in waiving the requirements of the statute under the facts presented. There were no violations of either statutory provisions or basic due process. The conviction is therefore affirmed.

ELLETT, C. J., and CROCKETT and WILKINS, JJ., concur.

MAUGHAN, J., concurs in result.