### The STATE of Utah, Plaintiff and Respondent,

v.

### Lane Wade BARNEY, Defendant and Appellant.

#### No. 18974.

Supreme Court of Utah.

April 20, 1984.

Edward K. Brass, Robert Van Sciver, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, J. Stephen Mikita, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals his jury conviction of distributing a controlled substance for value,[1] alleging as error the admission of a witness's statement with regard to defendant's prior misconduct.

On the evening of November 7, 1981, an undercover drug investigation was conducted at a bar in Richfield, Utah, by two officers of the State Narcotic and Liquor Enforcement Bureau. While in the bar, the undercover officers were introduced to a Michael Allred as interested drug purchasers. Thereupon, Allred spoke with one Dave Jolley, a member of the band playing in the bar that evening, concerning the

---

1. A second degree-felony, in violation of U.C.A., 1953, § 58–37–8(1)(a)(ii).

availability of drugs. After his conversation with Jolley, Allred informed the undercover officers that cocaine would be available later in the evening at a price of $120 a gram. The officers then gave Allred $120 to make the purchase for them.

During the band's next break, Allred followed several of the band members out of the bar and into the parking lot, where they congregated around a pickup truck. Seated behind the wheel of the pickup was the defendant Lane Barney. Allred approached the defendant and purchased a gram of cocaine from him with the money received from the officers. He then delivered the purchase to the officers.[2]

During the course of defendant's trial, Allred was questioned on cross-examination by defense counsel as to why he had approached defendant to make the drug purchase when his earlier negotiations had been with Dave Jolley, the band member. Allred responded that he had sought out defendant "because I have got high with Mr. Barney before." Defense counsel objected to Allred's statement as prejudicial and moved for a mistrial. The motion was denied.

Defendant's sole contention on appeal is that the trial court erred in denying his motion for a mistrial. This contention is premised upon the belief that Allred's statement that he had previously "gotten high" with defendant constituted a violation of Rule 55 of the Utah Rules of Evidence.

Rule 55 provides as follows:

Subject to Rule 47 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, subject to Rules 45 and 48, such evidence is admissible when relevant to prove some other material fact including absence of mistake or accident, motive, opportunity, intent, preparation, plan, knowledge or identity.

Defendant argues that Allred's statement was precisely the type of evidence proscribed by this rule in that it was admitted to prove defendant's disposition to "use" controlled substances as the basis for an inference that he also "distributed" such substances. He further maintains that the disputed statement was not admissible under the exceptions included in the rule because it had no relevance to any material fact.

Defendant's reliance upon Rule 55 is entirely misplaced under the facts of this case. While evidence of the defendant's criminal character may be, and generally is, excluded under Rule 55 when such evidence is elicited or offered by the prosecution to prove its case-in-chief,[3] the same evidence may not be excludable under the said rule when the responsibility for its introduction may be traced to the defendant. As heretofore indicated, Allred's disputed statement was elicited, not by the prosecution, but by defense counsel on cross-examination. The statement was responsive and within the context of defense counsel's question. Under such circumstances, the alleged error was invited by defendant's own counsel, and thus defendant is in no position to request a mistrial.

Our holding today is in concert with the decisions of this, as well as other jurisdictions.[4] This Court held in State v. Case,[5] that a mistrial is not in order where character evidence (1) has been drawn from a witness by defense counsel on cross-exami-

---

**2.** Allred was later prosecuted for the sale, but was allowed to plead guilty to a class A misdemeanor in exchange for naming defendant as the person from whom he purchased the cocaine and testifying at that person's trial.

**3.** See State v. Forsyth, Utah, 641 P.2d 1172 (1982); State v. Hansen, Utah, 588 P.2d 164 (1978).

**4.** See Gafford v. State, Alaska, 440 P.2d 405 (1968); State v. Richmond, 114 Ariz. 186, 560 P.2d 41 (1976); State v. Brewer, 110 Ariz. 12, 514 P.2d 1008 (1973); State v. White, 213 Kan. 276, 515 P.2d 1081 (1973).

**5.** Utah, 547 P.2d 221 (1976).

nation, (2) has not been emphasized by either counsel or the court, and (3) has not been elicited by the prosecution.[6]

Affirmed.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.