The STATE of Utah, Plaintiff and Respondent,

v.

Ibrian ORTIZ, Defendant and Appellant.

No. 19082.

Supreme Court of Utah.

Dec. 6, 1985.

Edward K. Brass, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant Ibrian Ortiz appeals from his conviction of aggravated robbery, a first degree felony. U.C.A., 1953, § 76-6-302 (1978 ed.). The trial court refused to permit him to substitute a second alibi witness for the one he had originally designated, despite a showing that the first witness's unavailability was entirely beyond defendant's control, that he would be prejudiced by the failure to permit the substitution, and that the testimony of the second witness would be substantially identical to that of the first. We conclude that the trial court abused its discretion in not permitting the substitution and reverse and remand for a new trial.

This case arises out of a gas station robbery committed by two men who emptied a cash register while holding a station attendant at gunpoint. The robbery was witnessed by a woman who watched the events from her car. Both the attendant and the customer identified defendant, shortly after the robbery and again in court, as one of the robbers. Defendant denied that he had participated in the robbery or that he was with his co-defendant on that evening. He claimed instead that he had spent the entire evening with two other men, Pedro Revas and Santiago Crisbo. A police officer who stopped them for speeding confirmed that the three men were together in a car around 10:00 p.m. on the day in question.

Eight days prior to trial, on a Monday, defense counsel gave notice of her intent to call as a witness Santiago Crisbo, who was then incarcerated in the Salt Lake County Jail, to corroborate defendant's alibi for the evening of the robbery. Sometime in the middle of that week, however, before the prosecution had interviewed him, Crisbo was released from jail without the knowledge of the prosecutor or the defense. He could not be located. Before Crisbo was released, defense counsel interviewed him and was told Revas's surname, as well as the fact that he was also in jail. Accordingly, on Thursday afternoon defense counsel telephoned the prosecutor and told him that she intended to substitute Revas for Crisbo as the alibi witness.

Trial commenced the following Monday, February 14, 1983. Toward the end of the second day of trial, defense counsel was about to put Revas on the stand. At that point, the prosecution objected to the substitution of Revas for Crisbo, arguing that defendant had failed to give notice of his intent to rely on an alibi defense ten days before trial, as required by section 77–14–2 of the Code. U.C.A., 1953, § 77–14–2 (1982 ed.). The trial court first ruled on the propriety of the eight days' notice given to the prosecutor regarding Crisbo. Although the notice was two days short of the statutory minimum, the court declined to find that the deficiency in notice would require exclusion of Crisbo's testimony. However, the trial court sustained the State's objection with respect to Revas and refused to allow him to testify. The court did not consider Revas as a substitute for Crisbo, who would have been permitted to testify; rather, he analyzed the matter as though Revas were an entirely unrelated alibi witness, notice of whose appearance had been given only five days before trial. The court reasoned that notice given at 4:00 p.m. on a Thursday afternoon preceding a Friday holiday did not afford the State a reasonable amount of time to arrange for an interpreter and to interview a non-English speaking witness for a Monday morning trial. On this ground, the court refused to waive the ten-day notice requirement.

In response to the court's ruling, defense counsel asserted that her failure to comply with the statutory time limit provided defendant with an incompetence-of-counsel argument on appeal. The court disagreed, stating that counsel had conducted the defense in "a very journeyman-like manner." Defendant was convicted and now appeals, raising both the abuse-of-discretion and incompetence-of-counsel arguments.

◼ The alibi defense is governed by section 77–14–2 of the Code. That section requires that notice of an alibi defense be given ten days before trial. The ten-day notice requirement is not, however, absolute. Section 77–14–2(3) grants a trial court discretion to *exclude* evidence if the ten-day notice requirement is not met, and section 77–14–2(4) further provides that the court "may, for good cause shown, waive the requirements of this section." Whatever incongruencies may be present in the statute, its thrust is to allow a court, for good cause, to permit alibi testimony that has not been properly noticed. The issue in this case is whether the trial court abused its discretion when it concluded that good cause had not been shown for the alibi witness substitution.

The State argues that under our past cases, the ten-day notice requirement

should be waived only if the counsel for the party against whom the testimony is to be offered knows of the content of the alibi witness's testimony, either through prior testimony actually offered at trial or because he or she has had an opportunity to question the witness prior to trial. Because neither of these circumstances is present here, the State argues that the trial court's ruling was proper.

While the facts of *State v. Case*, Utah, 547 P.2d 221, 222–23 (1976), and *State v. Haddenham*, Utah, 585 P.2d 447, 448–49 (1978), comport with the rule articulated by the State, we do not choose to interpret either our cases or the provisions of section 77–14–2 so narrowly. The overriding consideration in evaluating any notice-of-alibi claim must be the avoidance of unfair surprise or prejudice to either party, not an exaltation of technical formalities. *See Wardius v. Oregon*, 412 U.S. 470, 473 (1973), 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82; *State v. Haddenham*, 585 P.2d at 448.

In this case, we can find no basis for concluding that the substitution of Revas for Crisbo would have created any unfair surprise or worked any undue hardship on the State. Defendant's own testimony was that he spent the entire evening with both Crisbo and Revas. Further, a police officer's testimony established that the three men were together at 10:00 p.m. on the night in question. Surely the State knew that the alibi witness called by the defense, whether Crisbo or Revas, would corroborate this version of the facts.

The only conceivable hardship worked upon the State that can be inferred from the facts is the inconvenience resulting from a fruitless trip to the jail to interview Crisbo after he had been freed. As soon as the defense learned of Crisbo's release, it did the best it could. It substituted the other recently identified alibi witness, who was in the jail and available to be interviewed immediately. Any hardship imposed by the need for an interpreter or by the limited time before trial was equally borne by both parties to the action. Therefore, we conclude that as a matter of law,

the defense demonstrated good cause for waiving the notice-of-alibi requirement with respect to Revas. Once the trial court found that Crisbo could have testified, it abused its discretion in refusing to permit Revas to testify in Crisbo's stead.

The matter is reversed and remanded for a new trial.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.