(660 P.2d 970)
No. 54,470

State of Kansas, *Appellee,* v. Dennis W. Shouse, *Appellant.*

Opinion filed March 31, 1983.

*Richard D. Loffswold, Jr.,* of Girard, for the appellant.

*Frederick R. Smith,* of Pittsburg, for the appellee.

Before Foth, C.J., Abbott and Meyer, JJ.

Foth, C.J.: After trial to the court defendant was convicted of driving an overweight truck on the highway in violation of K.S.A. 8-1909. Based on an overload of 12,600 pounds he was fined $1,260 as prescribed by K.S.A. 8-1901. He appeals, challenging the constitutionality of the statute and the sufficiency of the state's evidence.

His constitutional argument is that 8-1909 denies him the equal protection of the law because it exempts trucks carrying certain cargoes but not his cargo of logs. Under K.S.A. 8-1909(*a*)(3), the following vehicles are exempt from the statutory weight restrictions:

"[T]truck tractor and dump semitrailer or truck trailer combinations when such are used as a combination unit exclusively for the transportation of sand, salt for highway maintenance operations, gravel, slag stone, limestone, crushed stone, cinders, coal, blacktop, dirt or fill material, when such vehicles are used for transportation to a construction site, highway maintenance or construction project or other storage facility."

Defendant contends that this language means that all trucks carrying sand, etc., are exempt, even if they are destined for a

nonhighway construction project. Thus, he argues, the statute impermissibly distinguishes among motor carriers on the basis of the content of the load, and thus violates the guarantee of equal protection.

The argument turns on the meaning of the words "to a construction site, highway maintenance or construction project or other storage facility." Does "construction site" mean *any* construction site, or only a highway construction site? Defendant concedes that if the exemption is limited to trucks headed to a highway construction or maintenance project, or a highway material storage facility, the classification is constitutional as having a rational connection with a legitimate state objective. See *Clark v. Walker,* 225 Kan. 359, 366, 590 P.2d 1043 (1979).

We are convinced that that is the proper interpretation of the statute for two reasons. First, we believe such an interpretation is required by the context: "Construction site" is part of a series in which each of the other terms relates to highway work. Further, the exemption applies only to trucks carrying specific materials, all of which are commonly associated with highway projects. Second, when choosing between alternative constructions of a statute a court is required to adopt one which will render it constitutional if reasonably possible. *Alabama State Federation of Labor v. McAdory,* 325 U.S. 450, 470, 89 L.Ed. 1725, 65 S.Ct. 1384 (1945); *Carolene Products Co. v. Mohler,* 152 Kan. 2, 8-9, 102 P.2d 1044 (1940). Although the language in question leaves something to be desired, for the reasons stated above we think it is more than susceptible to a construction limiting the exemption to trucks hauling materials intended for highway purposes. As so construed the statute is not unconstitutional on the grounds urged.

Defendant's argument on the State's proof is based on the fact that his truck was weighed on portable scales, but the State did not prove that the scales were within ten miles of permanent, certified scales. The argument is based on the last sentence of K.S.A. 8-1910(*a*). The full subsection provides:

"Any police officer or properly designated department of revenue agent or employee having reason to believe that the gross weight of a vehicle or combination of vehicles or the gross weight on any axle or tandem axles is unlawful is authorized to require the driver to stop and submit to a weighing of the same by means of either portable or stationary scales and may require that such vehicle be driven to any scales suitable for this purpose within five (5) miles. When portable

scales are used for weighing for the purpose of this section, the location of such portable scales shall be not more than ten miles from any stationary scales whose accuracy is certified in accordance with law."

The general rule is that if a criminal statute prohibits certain conduct, but contains an exception permitting the conduct if performed under certain conditions or by certain classes of persons, the prosecution does not have to include a negative averment of the matter of the exception in the information, unless the "matter enters into and becomes a material part of the description of the offense." *State v. Brothers*, 212 Kan. 187, 510 P.2d 608 (1973). An alternate statement of this rule is "if the allegations of an information may be true and the defendant still be innocent of the offense defined by the statute, the information is jurisdictionally defective." *State v. Jamieson*, 206 Kan. 491, Syl. ¶ 2, 480 P.2d 87 (1971). See also *State v. Perello*, 102 Kan. 695, 171 Pac. 630 (1918), cited in *Brothers*, 212 Kan. at 190. The above rules have to do with the sufficiency of the information, but the same rule applies to presentation of the prosecution's case in chief. As was said in *State v. Braun*, 209 Kan. 181, 189-90, 495 P.2d 1000 (1972):

"The general rule has always been in Kansas that the accused has the burden of introducing evidence as a matter of defense that he is within an exception or exemption in the statute creating the offense where such exception or exemption is not part of the description of the offense. Accordingly, the prosecution owes no duty to prove on its case in chief that the accused is not within the exception. This, of course, is a mere rule of procedure and does not relieve the state of its burden of proving guilt."

The essence of the crime defined by K.S.A. 8-1909 is operating an overweight truck on the highway; the crime is *not* the operation of an overweight truck within ten miles of a stationary certified scale. Therefore, the requirement that the portable scales only be used within 10 miles of a proper stationary scale does not "enter into and become a material part of the description of the offense." *State v. Brothers*, 212 Kan. 187, Syl. ¶ 5. Nor is it possible to say that one who operates an overweight truck is "innocent under the language of the statute" if his truck was not weighed within 10 miles of a stationary scale. *State v. Jamieson*, 206 Kan. at 494. The statute prescribing the 10-mile limit does not seek to make otherwise wrongful conduct innocent outside the 10-mile limit; it constitutes instead a restriction upon the means by which the State may enforce the weight limit statute.

The purpose of the restriction is not clear. Presumably it insures that a driver who thinks the portable scales are wrong may have the weight checked on certified scales without an excessive drive. In any event, we hold that compliance with the 10-mile limitation is not a part of the State's case in chief. It is at best a matter of defense and need not be pleaded in the information nor established by evidence presented in the State's case in chief.

The trial court correctly overruled defendant's motion to dismiss on both grounds urged. The conviction is affirmed.