NOT DESIGNATED FOR PUBLICATION

No. 127,726

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF TOPEKA,
*Appellee*,

v.

LAINE C. BARNARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHRISTOPHER TURNER, magistrate judge. Submitted without oral argument. Opinion filed September 5, 2025. Affirmed.

*Laine C. Barnard*, appellant pro se.

*Kelly J. Trussell*, legal department, of City of Topeka, for appellee.

Before GARDNER, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: On March 7, 2022, the City of Topeka ("City") issued a ticket to Laine Barnard for illegally parking in a hooded meter spot, in violation of Topeka Municipal Code (TMC) 10.60.230(a). While the ticket contained information such as the ticketing agent's identification number, the parking ordinance allegedly violated, the make and license tag number of the cited vehicle, and the place, date, and time of the alleged violation, it did not contain Barnard's name and address. This missing information would later be added through an amendment to the ticket by a City employee.

1

The municipal court found Barnard guilty of parking in a hooded meter spot. Barnard appealed to the district court, which after a bench trial also found her guilty.

On appeal, Barnard raises four issues. Barnard first alleges that the district court erred in failing to properly apply TMC 2.40.190, depriving Barnard of a proper complaint and notice to appear. Barnard also argues that the district court erred by finding the City's amendments to the complaint did not substantially injure her rights. Third, Barnard alleges that the district court erred by admitting the Kansas Department of Revenue's record under the hearsay exception in K.S.A. 60-460(m) at trial. Finally, Barnard argues that the district court erred when it found Barnard guilty because there was insufficient evidence to support her conviction.

We agree with Barnard that the City failed to properly fill out a complaint and notice to appear. But this error was harmless because the City quickly cured the defect, and the parking citation still apprised Barnard of her rights. Similarly, the district court correctly held Barnard's rights were not substantially injured when the City amended its complaint. At trial, the district court did not err in admitting the Kansas Department of Revenue record because it met the requirements of K.S.A. 60-460(m). And finally, a rational fact-finder could have found Barnard guilty beyond a reasonable doubt. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The City issued a ticket to Barnard for illegally parking in a hooded meter spot on March 7, 2022. Barnard was charged with a violation of TMC 10.60.230(a), which states: "It shall be unlawful for any person, other than a person having a valid permit issued under authority of the provisions of TMC 10.60.220, any authorized agents, employees or servants to park or stand any vehicle in the reserved parking space." The charge was listed on the parking ticket.

2

Barnard's ticket was first addressed in the municipal court, where she moved to dismiss the case. The municipal court denied her motion and after trial, found her guilty of parking in a hooded meter spot.

Barnard then appealed to the Shawnee County District Court. Before trial, Barnard again moved to dismiss the charge. The district court held a hearing on Barnard's motion on December 1, 2023. At the hearing, Barnard contended the ticket did not conform with the requirements in TMC 2.40.190 for a complaint and notice to appear. She also argued the City failed to issue a proper citation or complaint because the City did not identify her as the owner of the vehicle when it issued the citation without showing her name and address. In response, the City argued the ticket affixed to Barnard's car requested she appear in court within 14 days and thus gave her proper notice of the infraction and to appear because she was the registered owner of the vehicle. It also argued the TMC 2.40.190 requirement that a complaint and notice to appear contain information listed in subsection (b) of K.S.A. 8-2106—like name and address—was inapplicable because this was not a traffic stop.

The City also described how, after a ticket is issued, the officer brings the ticket back for an amendment to include the necessary information for a court filing. The City contended that it made a prima facie case under TMC 10.60.540(a) that the owner of the vehicle is the one who committed the violation. The ordinance states:

> "(a) Whenever any vehicle is parked in violation of any provision of the traffic ordinances prohibiting or restricting vehicular parking or standing, any person in whose name the vehicle is registered with the Division of Motor Vehicles, Department of Revenue, State of Kansas, shall be prima facie responsible for the violation and subject to the penalty therefor. The City and the ticketing agent shall accurately record the license tag number of the ticketed vehicle. A prima facie case shall not be established when:

3

(1) The ticketing agent has failed to specify the proper license tag number of the cited vehicle on the notice; or

(2) The City has failed to accurately record the specified license tag number.

"(b) Whenever any vehicle is parked in violation of any provision of the traffic ordinances prohibiting or restricting vehicular parking or standing or regulating the condition of a parked or standing vehicle, any police officer, other designated member of the Police Department, or person designated by the Transportation Operations Superintendent, observing such violation may issue a parking or violation notice, as provided for herein and serve the notice on the owner of the vehicle by handing it to the operator of the vehicle, if he is present, or by affixing it to the vehicle in a conspicuous place. The ticketing agent shall specify on the notice his identification number, the particular parking ordinance allegedly violated, the make and license tag number of the cited vehicle, and the place, date, and time of the alleged violation.

"(c) The City Traffic Compliance Administrator shall withdraw a violation notice when said notice fails to specify the proper license tag number; provided, however, that a violation notice shall not be withdrawn if the administrator reasonably determines that (1) a license tag number was properly recorded by the City and its ticketing agent, and (2) any discrepancy between the vehicle make or model and the license tag number as set forth on the violation notice is the result of the illegal exchange of registration plates. The City Traffic Compliance Administrator may dismiss or reduce a violation notice utilizing reasonable discretion. A final determination of liability that has been made for a violation required to be withdrawn under this subsection shall be vacated by the City. The City shall extinguish any lien, which has been recorded for any debt due and owing as a result of the vacated determination, and refund any fines and/or penalties paid pursuant to the vacated determination.

"(d) It shall be unlawful for any person, other than the owner of the vehicle or his designee, to remove from a vehicle a parking violation notice affixed pursuant to this title." TMC 10.60.540.

4

Barnard responded by arguing that the City could not charge her with an offense when the City had not originally complied with the statutory requirements for issuing a ticket and she was not given notice of the changes.

The district court denied Barnard's motion, stating:

"The Court does find that the City met the requirements of 10.60.540(a), which is accurately recording the tag, VIN number of the vehicle. Also B, which is the service or notice here to the vehicle, which is the comma 'or'. The second half of it, which are both operative clauses as we properly identified was the vehicle itself and left in a conspicuous place on the vehicle.

"As to the amendments, just to address it for the record, the Court also finds that it is a notice. It is not a charge and not a charging document. So, so although the Court doesn't need to come to a conclusion on that issue, even if the Court were to come to a conclusion on that issue, I don't find that the defendant's rights were substantially affected by the fact that her name, her name in this case was added to the, added to the notice when—even if would've been charged. And here it wasn't. The Court doesn't find that— finds that it was just notice that even if had been, just adding the defendant's name when she is the owner of the vehicle and by the City's regulation prima facially responsible for the violation itself would not substantially injure her rights and not affect or be a constitutional issue."

The district court then set the case for trial on February 21, 2024. At trial, the City first called Jason Tyron to testify, who is the City's deputy director of public works, and the custodian for the business records maintained within the parking department. During his testimony, Tyron was presented with an exhibit: a work order for parking spots reserved by designated hooded meters, which an individual or company can request to hold parking spaces. These parking spaces are designated by a hood on the meter. Tyron testified that a company named McElroy's reserved parking meters "5, 7, 9, and 11" on the 900 block of Jackson. Tyron confirmed that McElroy's reserved these spaces for March 1st through March 31st, 2022.

5

Tyron stated that typically a person will call the City parking office when an unauthorized vehicle parks in a reserved spot. The office then sends out a parking agent to verify that a vehicle is parked in the reserved spot and records the vehicle's license plate. Later, after the agent visits the spot, the parking department will look up the vehicle record. Before placing a citation on the windshield of an illegally parked car, the parking agent will put a description of the vehicle and the statute being violated at the bottom of the citation.

The City showed Tyron another exhibit—this time a document from the Kansas Department of Revenue showing Barnard was the registered owner of a blue Audi A4 with the license plate number 099NZL. Tyron testified that someone in the parking office looks up the license plate information of the vehicle in question to identify the registered owner and then fills in the name and address of the individual, using the Kansas Department of Revenue database. Barnard objected to the admission of this document because she contended that it was not a parking department business record. The City submitted that it was a record maintained and kept by the parking department and that Tyron was the custodian of the records. The district court overruled Barnard's objection.

After Tyron confirmed that the Kansas Department of Revenue's document reflected Barnard as the registered owner of the vehicle, the City showed him a picture of a vehicle parked in a parking spot 11—a reserved, hooded meter spot that had been reserved by McElroy's. Tyron matched the photo of the car parked in spot 11 to the record showing Barnard was the registered owner of the vehicle.

On cross-examination, Tyron also clarified how after leaving the ticket with the car, the parking agent brings back a copy of the ticket to the office for the remaining information—like the vehicle owner's information, name and address—to be filled out. He stated that including a driver's license number, biological, height, weight, and other similar information on the ticket when it is issued would not be in the normal course of

6

business. Tyron testified that the person filling out the information is not an attorney and the turnaround time for filing a ticket in municipal court would be a few days.

Next, Christopher Flores testified. Flores is employed in the City's parking division. Flores testified that he was dispatched to issue a ticket on March 7, 2022, for a vehicle parked in hooded meter spot 11. He described the process of issuing the ticket and how he left the ticket on the blue Audi parked in spot 11 and pictured in the photograph he was presented—the exhibit that had been first presented to Tyron. On cross-examination, he confirmed he placed one copy of the ticket on the car and brought another back to the office.

The City then called Duane Morford. Morford was employed by Mohan Construction at the time the City issued the ticket. The City showed Morford the picture of the blue Audi parked in the hooded meter spot, and he stated that he recognized the vehicle. Morford also testified that he was familiar with the McElroy's vehicles, and he knew the hooded meter spots were for the McElroy's because they "were parked there every day."

On cross-examination, Barnard questioned Morford about his knowledge of McElroy's reserved spots. Morford testified that he had called approximately four times previously about the blue Audi parking in those spots.

At the conclusion of the trial, the district found Barnard guilty of violating TMC 10.60.230 by illegally parking in a hooded meter spot.

Barnard timely appealed the district court's decision.

ANALYSIS

DID THE CITY OF TOPEKA COMPLY WITH TMC 2.40.190 AND THUS PROVIDE BARNARD WITH A PROPER COMPLAINT AND NOTICE TO APPEAR?

Barnard argues that the parking ticket she received was a complaint and notice to appear, which only included vehicle information and did not include her name or address. And because her parking ticket only included vehicle information, Barnard contends it violated TMC 2.40.160, TMC 2.40.190 and K.S.A. 8-2106(b) and violated the United States Constitution and the Kansas Constitution. Thus, according to Barnard, the complaint was void and the district court was deprived of subject matter jurisdiction. The City, however, submits the City properly provided Barnard with a notice to appear in compliance with the TMC when the parking officer placed the parking ticket on her vehicle.

*Standard of Review*

The issue here concerns whether the City complied with statutory requirements in issuing Barnard's ticket. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022). Moreover, to the extent the parking ticket's legal effect must be determined, the interpretation and legal effect of written instruments are matters of law, and an appellate court again exercises unlimited review. *State v. Keys*, 315 Kan. 690, 697, 510 P.3d 706 (2022).

*The district court erred by failing to apply TMC 2.40.190 and K.S.A. 8-2106(b).*

Barnard's parking citation was listed as a complaint and notice to appear. The parking citation is labeled: "COMPLAINT AND NOTICE TO APPEAR" and underneath this text the parking ticket states that this form is a Topeka, Kansas Uniform

8

Complaint and Notice to Appear. The ticketing agent also wrote on the back of the citation, "Ticket was issued by complaint."

Chapter 12 of the Kansas Statutes Annotated provides the statutory guidelines for municipal courts to follow when a notice to appear and complaint are issued together. K.S.A. 12-4205a states: "In all cases a complaint and notice to appear in municipal court may be made in the form of the complaint and notice to appear which shall be deemed sufficient if it contains the information required by subsection (b) of K.S.A. 8-2106, and amendments thereto."

While the City enacted an ordinance exempting itself from the procedural rules in Chapter 12, the City nonetheless has its own ordinance mirroring K.S.A. 12-4505a. TMC 2.40.190 follows K.S.A. 12-4205a and states: "In all cases a complaint and notice to appear in Municipal Court may be made in the form of a complaint and notice to appear which shall be deemed sufficient if it contains the information required by subsection (b) of K.S.A. 8-2106." The plain meaning of this ordinance indicates that a complaint and notice to appear must follow the requirements in K.S.A. 8-2106(b). And K.S.A. 8-2106(b) requires citations to have:

> "a notice to appear in court, the name and address of the person, the type of vehicle the person was driving, whether hazardous materials were being transported, whether an accident occurred, the state registration number of the person's vehicle, if any, a statement whether the vehicle is a commercial vehicle, whether the person is licensed to drive a commercial motor vehicle, the offense or offenses charged, the time and place when and where the person shall appear in court, the signature of the law enforcement officer and any other pertinent information."

This ordinance, TMC 2.40.190, clarifies situations where a complaint and notice to appear can be presented in one document. If the municipality does so, it must comply with K.S.A. 8-2106(b).

9

Prior to trial in the district court, Barnard raised this issue through a motion to dismiss, arguing that the City failed to appropriately charge her with a crime, because it failed to include her name and address on the charging document.

In denying Barnard's motion, the district court relied upon a difference ordinance, TMC 10.60.540(a), specifically finding "the City met the requirements of 10.60.540(a), which is accurately recording the tag, VIN number of the vehicle." The district court continued and reasoned: "Also B, which is the service or notice here to the vehicle, which is the comma 'or.' The second half of it, which are both operative clauses as properly identified was the vehicle itself and left in a conspicuous place on the vehicle."

TMC 10.60.540(a) provides the requirements of a prima facie case for the City to show a parking violation. In denying Barnard's motion to dismiss, the district court highlighted how the City showed there was a parking violation by gathering the proper vehicle information. The district court found the parking citations to be "a notice" and that it was "not a charge" nor a "charging document." In other words, the district court focused on whether the City established a prima facie case of a parking violation and whether Barnard had notice. It did not clarify whether it thought the City conformed to the statute, despite Barnard raising it in her motion to dismiss.

The more applicable ordinance, TMC 2.40.190, allows for a complaint and a notice to appear to be on the same document so long as the document follows the requirements in K.S.A. 8-2106(b), which includes listing the offender's name and address on the document.

Barnard's ticket must be analyzed under the requirements for a complaint and notice to appear because the ticket plainly labels the document as such, and the ticketing agent also described the ticket as a "complaint" on the back of the ticket. A complaint and notice to appear must follow the requirements in subsection (b) of K.S.A. 8-2106. See

10

TMC 2.40.190. In Barnard's original ticket citation, her name and address were not on the tickets. At the time the City issued Barnard's ticket it did not conform to the statute for issuing a complaint and notice to appear because it did not list a name and address for Barnard as required by subsection (b) of K.S.A. 8-2106. See TMC 2.40.190.

Barnard contends this procedural defect—the City not following the requirements of K.S.A. 8-2106—prevents a person from knowing what the charges are and what punishment a person may face. The City, on the other hand, submits that it made a prima facie case for a parking violation. The City also submits that K.S.A. 8-2106 is not applicable to Barnard's case because she was charged with a parking violation under TMC 10.60.230(a).

Barnard is correct about the City's failure to follow the requirements in TMC 2.40.190. The City's focus on a prima facie case misses the requirements of K.S.A. 8-2106(b), and the City misreads TMC 2.40.190's requirements. It does not matter that Barnard was ticketed for a parking violation because the requirements in subsection (b) of K.S.A. 8-2106 apply in "all cases" in "municipal court." TMC 2.40.190. In short, Barnard correctly points out how the City failed to follow the statutory requirements when issuing her a complaint and notice to appear. The district court erred by finding the parking citations were only notices and not statutorily defective.

*The district court's error was harmless.*

In *State v. Ward*, 292 Kan. 541, 565, 256 P.3d 801 (2011), our Supreme Court held that to find an error harmless under K.S.A. 60-261, K.S.A. 60-2105, and the United States Constitution, a Kansas court must be able to declare the error "did not affect a party's substantial rights, meaning it will not or did not affect the trial's outcome." Under either the constitutional or nonconstitutional test, the party benefiting from the error bears the burden of proving harmlessness. See *State v. McCullough*, 293 Kan. 970, 983, 270

11

P.3d 1142 (2012). The level of certainty by which a court must be convinced depends on whether the error implicates a federal constitutional right. *Ward*, 292 Kan. at 565. K.S.A. 60-2105 directs appellate courts to "disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court."

Here, Barnard contends "[e]very criminal defendant has a right under the U.S. Const. amendments V and XIV to due process before he or she can be deprived of life, liberty, or property." She also notes that "[a] criminal defendant also has a right under the Sixth Amendment to notice of the charge or charges pursued by the State." Barnard also explains how the Kansas Constitution provides similar protections in that a defendant should be made aware of his or her charges.

Barnard, however, fails to show these constitutional maxims apply in her case or how a federal constitutional right was infringed upon. She did correctly note how the City failed to follow the statutory requirements for a complaint and notice to appear, but Barnard does not explain how the City's process failed to provide her with notice. She also contends a fine schedule should have been attached to her ticket, but she fails to explain how the instruction to contact the clerk was insufficient. See TMC 2.40.280(b) ("[T]he officer may direct the person charged with an ordinance traffic infraction to contact the clerk of the Municipal Court to determine the applicable fine or provide the person with a copy of the fine schedule established by the Municipal Judge in accordance with K.S.A. 12-4305 and amendments thereto.").

Barnard contends a half-written ticket where her name "magically" appeared on it is insufficient and the failure to file the ticket right away interfered with her rights. She argues it was impossible to comply with the notice because the City did not file the ticket within 14 days and that "[a] cautious person may further research, locating the directive

12

on the City's website, that meter parking tickets are NOT handled by the Municipal Court." And that "[o]ne should not have to go on a scavenger hunt to locate whether or not they have been charged with a crime."

But Barnard's arguments fail to encapsulate a constitutional infringement on her rights; rather she focuses on the technicality of her ticket not having her name and address. Thus, without an explanation about how her constitutional rights were infringed upon—not some hypothetical person—this should be analyzed as statutory harmless error. In other words, the presentation of the complaint and notice to appear is directed by statute, and Barnard does not challenge the constitutionality of the statute. So this issue must be reviewed for statutory harmless error.

When applying the harmless error test to an error that implicates a statutory right, not a federal constitutional right, the court must determine whether there is a reasonable probability that the error will or did affect the trial's outcome in light of the entire record. *State v. Campbell*, 317 Kan. 511, 518, 532 P.3d 425 (2023). It is the party benefiting from the error that carries the burden. See 317 Kan. at 518.

Barnard does not present or argue an alternative result to the trial if the City had originally listed her name and address on the complaint and notice to appear. Nothing in the record suggests that Barnard did not have notice that she had been charged with a hooded parking meter offense or that she was unaware of the violation. The parking ticket listed her vehicle, the ticket was placed on her car, and the ticket stated that she violated TMC 10.60.230(a). Barnard does not even contest that she had notice that she violated a City ordinance. The evidence of Barnard's guilt in this case is overwhelming, and harmless error in this situation is obvious. "In such a situation, the error could not have contributed to the verdict obtained and the error is harmless." *United States v. Holly*, 488 F.3d 1298, 1310 (10th Cir. 2007) (finding harmless error where the element of a

13

crime that was not properly submitted to the jury was still supported by overwhelming and uncontroverted evidence).

Barnard also does not explain how her rights were substantially impacted by the City failing to follow TMC 2.40.190 by failing to list her name and address as required by subsection (b) of K.S.A. 8-2106. The City ticketed Barnard. Barnard did not contest the vehicle identification number nor does she contend that she was not aware she committed a violation. The parking ticket, while statutorily defective, did apprise Barnard that she violated the TMC by parking in a hooded meter spot and the parking ticket provided Barnard with information about how she could contest her ticket. The parking ticket shows Barnard knew of the hooded meter infraction because the ticket was placed on her car. Barnard does not contest this.

While the district court incorrectly concluded that the parking citation was a notice rather than a complaint and notice to appear, this error was harmless to the outcome of the case. Barnard did not show how her rights were substantially impacted, and the City explained how Barnard was given adequate notice to appear in court for her violation. Moreover, the City quickly cured the complaint by properly amending the Complaint and Notice to Appear to include Barnard's name and address. Thus, the trial court result would not have been different if the parking citation had listed Barnard's name and address when she originally received the ticket.

THE DISTRICT COURT DID NOT ERR IN FINDING THAT THE CITY'S ADDITIONS TO THE COMPLAINT DID NOT SUBSTANTIALLY INJURE BARNARD'S RIGHTS

Barnard next argues that the City's amendments to the charging document after it was served were improper and unlawful.

14

*Standard of Review*

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *Betts*, 316 Kan. at 197.

In general, complaints may be amended. K.S.A. 22-3201(e) allows for "a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

Likewise, for municipal proceedings, K.S.A. 12-4505 provides that "[a]mendments to the complaint may be permitted by the court before trial." And "[o]nce the trial commences, the court may permit a complaint to be amended before judgment, if no additional or different offense is charged, and if substantial rights of the accused person are not prejudiced." K.S.A. 12-4505. Based on the plain meaning of the statute, amendments to a complaint are permissible.

But because the City elected to implement its own procedural rules, TMC 2.40.570 controls: "Amendments to the complaint may be permitted by the court before trial. Once the trial commences, the court may permit a complaint to be amended before judgment, if no additional or different offense is charged, and if substantial rights of the accused person are not prejudiced." TMC 2.40.570 is identical to K.S.A. 12-4505.

*The City's amendments to the Complaint and Notice to Appear were proper and did not prejudice Barnard.*

In denying Barnard's motion to dismiss related to the amendment to the complaint, the district court noted that it did not find that Barnard's rights were substantially affected by her name being added to the complaint document. It clarified, "just adding the defendant's name when she is the owner of the vehicle and by the City's regulation prima

15

facially responsible for the violation itself would not substantially injure her rights and not affect or be a constitutional issue."

Barnard concedes amendments are allowed, but she contends she was not charged with any crime before the amendments. Barnard claims she "wasn't charged with any crime prior to the amendments, but post amendments is suddenly charged with a criminal misdemeanor, with absolutely no notice." Nothing in the record supports Barnard's position in this case. Barnard makes this assertion and cites the trial transcript, but the citation Barnard gives does not explain how she was not charged with a crime nor does it explain how after amendments she was charged with a misdemeanor. Barnard has failed to carry her burden. See *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 623-24, 244 P.3d 642 (2010) (party asserting argument has responsibility for providing record on appeal sufficient to support the argument).

Barnard also argues that two attempts were made to amend the complaint, but she was not given notice for these amendments. She also submits that "after being filed with the Topeka Municipal Court, the citation was further 'amended' to add personal identifiers for purposes of issuing a bench warrant. . . . no notice was given to the Defendant, and it is unknown who the changes were made by." Again, Barnard fails to provide citations for where this is supported in the record. Without an explanation from Barnard of which charges were added or how they were changed, her contention that the complaint was inadequate is not supported by the record. See *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 501, 505 P.3d 775 (2022); Supreme Court Rule 6.02(a)(4) (2025 Kan. S. Ct. R. at 36).

Barnard also submits that the modifications to the charging document were not lawful. Barnard claims the complaint was not sworn out and signed in front of a person authorized to administer oaths or under the penalty of perjury under K.S.A. 53-601.

16

But the parking citation was signed. Barnard does not provide this court with evidence that the parking ticket was not properly signed, nor does she cite where in the record this mistake was made. The parking ticket also apprised Barnard of the violation, which was parking in a hooded meter spot. As the City points out, adding Barnard's date of birth, driver's license number, state, class, full name, address, city, and zip code did not add an offense to the citation, nor did the additional information prejudice her.

The City was allowed under TMC 2.40.190 to amend the complaint before trial, and after trial began so long as Barnard's substantial rights were not prejudiced. The City was allowed to amend the complaint and Barnard fails to explain how she was prejudiced by the amendments. Barnard had notice of the charged offense, and her Constitutional rights were not violated. Thus, the district court did not err by denying Barnard's motion to dismiss.

## THE DISTRICT COURT DID NOT ERR BY ADMITTING THE KANSAS DEPARTMENT OF REVENUE'S RECORD UNDER THE HEARSAY EXCEPTION IN K.S.A. 60-460(M)

Barnard next challenges the district court's admission of a printout of a record obtained from the Kansas Department of Revenue database under the business records exception in K.S.A. 60-460(m). Barnard objected to the admission of this record, so her challenge is preserved on appeal. See K.S.A. 60-404.

*Standard of Review*

In analyzing Barnard's challenge to the admission of this evidence, we must first determine whether the records are relevant. *State v. Randle*, 311 Kan. 468, 478, 462 P.3d 624 (2020). To be relevant, evidence must be material and probative. Evidence is material when the fact it supports is in dispute or at issue in the case. Evidence is probative if it tends to prove a material fact. *State v. Miller*, 308 Kan. 1119, 1167, 427 P.3d 907 (2018).

17

After determining whether the records are relevant, we must then consider whether the district court abused its discretion by admitting the record. *Randle*, 311 Kan. at 478. A district court abuses its discretion when its discretionary decision turns on a legal or factual error or when no reasonable person could agree with the decision. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Because Barnard is the party asserting an abuse of discretion, she bears the burden of showing the error. *Randle*, 311 Kan. at 478. But if error can be established, the party benefitting from the error must persuade us that there is no reasonable probability that the error affected the outcome of the trial given the entire record. *State v. Lowery*, 308 Kan. 1183, 1235, 427 P.3d 865 (2018).

A district court's consideration of the admissibility of evidence can also require application of statutory rules controlling the admission and exclusion of certain types of evidence. Whether a particular legal principle or statutory rule governs the admission of particular evidence is a question of law subject to de novo review. See 308 Kan. at 1166. A principle or rule, however, is applied as a matter of law or as an exercise of the district court's discretion depending on the applicable rule. 308 Kan. at 1166.

An appellate court exercises de novo review of a challenge to the adequacy of the legal basis of a district judge's decision on admission or exclusion of evidence. *State v. Randle*, 311 Kan. 468, 476, 462 P.3d 624 (2020).

The erroneous admission or exclusion of evidence is subject to review for harmless error under K.S.A. 60-261. *State v. Shields*, 315 Kan. 814, 832, 511 P.3d 931 (2022).

18

*The district court did not err by admitting the Kansas Department of Revenue record into evidence.*

The Kansas Department of Revenue document was relevant because it contained information showing Barnard was the registered owner of the blue Audi parked in the hooded meter parking spot. Both parties concede this information to be relevant.

Under K.S.A. 60-460, hearsay is defined as "[e]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated." Hearsay statements must be excluded unless the statement qualifies under a statutory exception prescribed under K.S.A. 60-460, but out-of-court statements that are not offered to prove the truth of the matter asserted are not hearsay. *State v. Sinnard*, 318 Kan. 261, 287, 543 P.3d 525 (2024). "The theory behind the rule excluding hearsay evidence is that the credibility of the declarant is the basis for the reliability of the statement, and the declarant must therefore be available for cross-examination." *State v. Seacat*, 303 Kan. 622, 635, 366 P.3d 208 (2016).

But there are exceptions to the hearsay exclusionary rule, like K.S.A. 60-460(m) allowing business records to be admitted into evidence so long as they meet the statutory requirements. K.S.A. 60-460(m) states:

> "*Business entries and the like*. Writings offered as memoranda or records of acts, conditions or events to prove the facts stated therein, if the following conditions are shown by the testimony of the custodian or other qualified witness, or by a certification that complies with K.S.A. 60-465(b)(7) or (8), and amendments thereto: (1) They were made in the regular course of a business at or about the time of the act, condition or event recorded; and (2) the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness."

The district court found in this case that the Kansas Department of Revenue document containing information about Barnard's vehicle kept by the City of Topeka

19

qualified under the business records exception and should be admitted into evidence. Jason Tyron testified that he collects information about vehicle registration from the Kansas Department of Revenue. Barnard's objections focused on the information originating from a record in a Kansas Department of Revenue database. Barnard noted how the document was not a certified record from the Kansas Department of Revenue, and she contended this was a record from the Kansas Department of Revenue—not from the City of Topeka. In any event, the district court overruled her objections.

On appeal, Barnard argues that the vehicle registration document was a business record of the Kansas Department of Revenue, and the City presented no evidence that the information generated by a search of the Kansas Department of Revenue's database was placed into the database in the regular course of business at the time the act, condition or event was recorded. In short, she contends the record could not be admitted under the business records exception because it came from a source outside of the City's parking department.

Barnard relies on *State v. Guhl*, 3 Kan. App. 2d 59, 588 P.2d 957 (1979). In *Guhl*, like Barnard points out, a panel of this court found the district court erred by allowing a letter to be admitted into evidence under the business records exception when the letter from another state agency lacked foundation. 3 Kan. App. 2d at 60-61. Barnard uses this case for the proposition that a business record lacking proper foundation should not be admitted. Or, as Barnard puts it, "one does not get to place a business record of another into a file of yours and magically create a business record of your own, eliminating the foundation requirement and circumventing K.S.A. 60-460(m)."

The City, however, points out that Jason Tyron is the custodian of records for the parking department. He testified about the citation process and specified how he uses the Kansas Department of Revenue license plate registration information to determine the registered owners of vehicles. He also described the process by which he oversees the

20

information obtained from the Kansas Department of Revenue and how it is relied upon to determine the registered owner of a vehicle. At trial, Tyron verified the Kansas Department of Revenue document printout with Barnard's information and matched it to the photograph of her car parked in the hooded meter parking spot. The City contends that these facts prove that the Kansas Department of Revenue document meets admissibility under K.S.A. 60-460(m) because: (1) The record is a printout from the parking department obtained from the Kansas Department of Revenue to identify the registered owner of the vehicle; (2) Tyron knew about the facts of the business record-keeping process, and he testified about the process of searching and printing Kansas Department of Revenue information through the regular course of business; (3) the record was printed out after the citation was issued; and, (4) Kansas Department of Revenue records are a trustworthy source of information. Further, the City points out that Barnard did not challenge the trustworthiness of the document. Thus, the City submits that the Kansas Department of Revenue document in this case is trustworthy and Tyron testified to its use.

We find that the Kansas Department of Revenue document was properly admitted under K.S.A. 60-460(m). The City offered the document as a record to prove that Barnard was the registered owner of the vehicle parked in the hooded meter spot. This record was made by Tyron in the regular course of a business at or about the time of the act. Tyron testified about how he uses the Kansas Department of Revenue database as a supplement to his record keeping for parking violations, and he described his process in detail. The way the document was collected from a government agency indicates trustworthiness because Tyron specified how he collected the document from the Kansas Department of Revenue. Thus, the district court did not err in admitting the Kansas Department of Revenue document.

21

THE DISTRICT COURT DID NOT ERR WHEN IT FOUND BARNARD GUILTY BECAUSE A RATIONAL FACT-FINDER COULD FIND BEYOND A REASONABLE DOUBT THAT SHE WAS GUILTY

Barnard's final argument is that the district court erred when finding her guilty because the City did not present evidence showing Barnard was not an authorized agent, employee or servant of the company renting the hooded meter spot or the owner of the hood.

*Standard of Review*

In criminal cases, "[w]hen a defendant challenges the sufficiency of the evidence, we review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt." *State v. Mendez*, 319 Kan. 718, 723, 559 P.3d 792 (2024). When applying this standard appellate courts "'do not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses." 319 Kan. at 723.

*A rational fact-finder could have found Barnard guilty beyond a reasonable doubt.*

TMC 10.60.230(a) states: "It shall be unlawful for any person, other than a person having a valid permit issued under authority of the provisions of TMC 10.60.220, any authorized agents, employees or servants to park or stand any vehicle in the reserved parking space."

Barnard argues that the City did not meet its burden of proof because it failed to show she was not an authorized agent, employee, or servant of the renters of hooded meter spaces. But Barnard confuses the burden of proof on this point:

> "The general rule has always been in Kansas that the accused has the burden of
> introducing evidence as a matter of defense that he is within an exception or exemption in

22

the statute creating the offense, where such exception or exemption is not part of the description of the offense. Accordingly, the prosecution has no duty to prove its case in chief that the accused is not within the exception. This is a mere rule of procedure and does not relieve the state of its burden of proving guilt." *State v. White*, 213 Kan. 276, 280, 515 P.2d 1081 (1973).

Thus, we must first determine whether the exception at issue in our case is part of the description of the offense. A long line of Kansas cases assists us with this determination.

Early on, the actual position of the exception in the statutory language helped determine whether it was meant to be an element of the crime or an affirmative defense. But that view was rejected, and the *substance* of the language is now considered:

> "We now regard substance instead of form, and, unless the exception, wherever found, inheres so integrally in the offense that liability would necessarily be precluded unless the exception were expressly negatived, it is a matter of defense." *State v. Eary*, 121 Kan. 339, 343, 246 P. 989 (1926).

This rule has been consistently applied for many years.

In *State v. Shouse*, 8 Kan. App. 2d 483, 484-85, 660 P.2d 970 (1983), at issue was the burden of proof under K.S.A. 8-1910(a). The full subsection provided:

> "Any police officer or properly designated department of revenue agent or employee having reason to believe that the gross weight of a vehicle or combination of vehicles or the gross weight on any axle or tandem axles is unlawful is authorized to require the driver to stop and submit to a weighing of the same by means of either portable or stationary scales and may require that such vehicle be driven to any scales suitable for this purpose within five (5) miles. When portable scales are used for weighing for the purpose of this section, the location of such portable scales shall be not more than ten

23

miles from any stationary scales whose accuracy is certified in accordance with law." 8 Kan. App. 2d at 484-85.

In *Shouse*, the court found the State was not required to prove the negative element that portable scales were not more than ten miles from any stationary scales. The Court explained its rationale:

> "The essence of the crime defined by K.S.A. 8-1909 is operating an overweight truck on the highway; the crime is *not* the operation of an overweight truck within ten miles of a stationary certified scale. Therefore, the requirement that the portable scales only be used within 10 miles of a proper stationary scale does not 'enter[] into and become[] a material part of the description of the offense.'" 8 Kan. App. 2d at 485 (quoting *State v. Brothers*, 212 Kan. 187, Syl. ¶ 5, 510 P.2d 608 [1973]).

Later, in yet another context, our court found that the personal use exception under the definition of manufacturing in K.S.A. 1998 Supp. 65-4101(n) cannot be said to be an integral part of the description of manufacturing in the criminal statute K.S.A. 1998 Supp. 65-4159(a).

> "Thus, the question is whether the State should have been required to negate the personal use exception to establish a prima facie case of manufacturing methamphetamine. We conclude the answer is 'no.' Under *White*, a defendant has the burden of presenting evidence that would bring him or her within an exception to the act proscribed within the criminal statute, unless the exception is a part of the description of the offense. 213 Kan. 276, Syl. ¶ 3, 515 P.2d 1081. Because the exception is not part of the offense under 65–4159(a), defendant's claim has no merit." *State v. Gunn*, 29 Kan. App. 2d 337, 342, 26 P.3d 710 (2001).

In the present case, the applicable ordinance states: "It shall be unlawful for any person, other than a person having a valid permit issued under authority of the provisions of TMC 10.60.220, any authorized agents, employees or servants to park or stand any vehicle in the reserved parking space." TMC 10.60.230(a). This language creates a

24

default rule that drivers are simply not allowed to park in a reserved parking space. The exception only becomes relevant if a defendant in fact possesses a valid permit, similar to the situation in *State v. Bennett*:

> "The subject crime in the instant case is criminal possession of a firearm. If a person possessing a gun on school property is a police officer, that officer is excepted from prosecution. A person's lack of police officer status is not integral to the operation of this statute. If the perpetrator is a police officer, he or she is in the best position to prove this status. Requiring a defendant to demonstrate that he or she is a police officer brings the exception into play only in cases where it is a bona fide issue. Requiring potential perpetrators to prove their status as police officers is consistent with Kansas case law and public policy, and it promotes judicial efficiency. The trial court did not err in denying Bennett's motion for a judgment of acquittal." *State v. Bennett*, 20 Kan. App. 2d 767, 771-72, 892 P.2d 522 (1995).

In this case, Barnard, rather than the City, had the burden of proof to demonstrate she fell within the exception found in TMC 10.60.230. Barnard did not offer any evidence on this point.

The district court did not err in finding Barnard was guilty beyond a reasonable doubt because a rational fact-finder could have found her guilty. The conviction is supported by direct evidence through witness testimony and photographs of the illegally parked car. The City of Topeka presented evidence showing a picture of Barnard's car parked in the hooded meter spot. Christopher Flores testified that he left the ticket on the blue Audi pictured in the photograph and Jason Tyron matched the photo of the blue Audi to the record showing Barnard was the registered owner of the vehicle.

25

Thus, the district court did not err because the City presented sufficient evidence to show Barnard was guilty of TMC 10.60.230(a). A rational fact-finder could have found Barnard guilty beyond a reasonable doubt.

Affirmed.